## Salem

### DAVID PRESTON HESS

V.

### COMMONWEALTH OF VIRGINIA

No. 1135-92-3

Decided February 22, 1994

COUNSEL

Robert M. Galumbeck (Galumbeck, Simmons & Reasor, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—David Preston Hess appeals the trial court's order revoking his probation and suspension of imposition of sentence for the 1988 offense of maliciously having shot into an occupied dwelling. Based upon a finding that Hess violated the conditions of probation by wilfully destroying private property, a misdemeanor, the trial court revoked the probation and suspension of sentence and imposed a term of imprisonment. The same trial judge who had presided over the misdemeanor trial in which Hess had been found guilty of destroying private property also presided over the probation revocation proceeding. Hess contends that the judge erred in the revocation proceeding by going outside the record and basing his finding of a probation violation upon evidence that was not presented at the revocation hearing, but upon evidence that the trial judge recalled having heard during the misdemeanor prosecution, at which Hess had been convicted *in absentia.*

We hold that the trial judge erred by basing his decision to revoke probation and suspension of imposition of sentence upon testimony that he recalled from the misdemeanor prosecution, without his stating for or making part of the record the specific evidence upon which

he relied to find that Hess had violated the conditions of probation and suspension of sentence. Accordingly, we reverse and vacate the revocation of suspension and imposition of sentence order. We remand the case to the trial court with leave to the Commonwealth's attorney or judge to conduct such further revocation and imposition proceedings as may be deemed advisable.

In 1988, pursuant to a plea agreement, Hess tendered a plea of guilty to maliciously shooting into an occupied dwelling. The trial judge accepted the plea, took the case under advisement for two years, and informed Hess that if he did not violate any penal laws and remained of good behavior, he would be permitted to withdraw the guilty plea to malicious shooting and would "receive a sentence of twelve months in . . . jail . . . suspended." Within the two year period of suspension, Hess was found guilty of destroying private property, a misdemeanor, which conviction is on appeal to this Court. Hess concedes that he had notice of the misdemeanor prosecution and did not appear.

As a result of the misdemeanor conviction, Hess was charged with violating the conditions of his probation and suspension of the imposition of his sentence. The same judge who presided over the misdemeanor prosecution for destroying private property also presided over the hearing to revoke Hess' probation and suspended sentence. At the revocation hearing, Hess' probation officer, Lewis Plummer, testified that, by being convicted of destroying private property, Hess had violated the conditions of his probation and suspension, to keep the peace and be of good behavior, conditions of which he had been informed. Plummer testified only to the fact of the misdemeanor conviction; he did not summarize or give an account of the crime or of the testimony of any of the witnesses. No transcript or excerpt from the misdemeanor trial with any details of the offense was introduced or made part of the revocation proceeding.

During the revocation hearing, the trial judge stated, "I have heard the evidence presented by your wife's daughter and I'm convinced that you are guilty of those actions." Defense counsel objected on the grounds that the judge was considering evidence from another case that was not part of the record and that neither Hess nor his current counsel had been present at that proceeding. The judge responded that Hess had notice of the misdemeanor trial and had the opportunity to be present and hear the same evidence that the judge had heard. The judge further stated:

I've listened to the evidence of your actions relative to the automobile of your wife's daughter during this two year period that the plea was under advisement. . . . *I have heard the evidence presented by your wife's daughter and I'm convinced that you are guilty of those actions.*

(emphasis added). At that point, defense counsel stated, "Judge, we would object to consideration by this court of the facts in that case. Neither the defendant nor his currently appointed counsel were present during that trial and had no notice of the facts presented in that case." The judge replied,

Well he did have notice of the trial date and failed to appear. He had all the opportunity in the world to listen to the same thing I heard. *And so I'm going to use that as a basis for finding him in violation of the probation conditions that I set when I took his plea under advisement. So I'm going to find him guilty of that charge.*

(emphasis added). Had the trial judge based the revocation upon the fact of conviction or held that he was familiar with the facts underlying the conviction, we may well have a different result. However, the trial judge made clear that he was not revoking the probation and suspension upon the fact of conviction, but rather upon the facts heard in testimony from a former trial as to what had occurred concerning damage to the defendant's wife's daughter's automobile.

■ "A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.' " *Davis v. Commonwealth*, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991). "[W]hether to revoke the suspension of a sentence lies within the sound discretion of the trial court." *Singleton v. Commonwealth*, 11 Va. App. 575, 580, 400 S.E.2d 205, 208 (1991). "However, the trial judge may only revoke the suspension of a sentence for reasonable cause." *Preston v. Commonwealth*, 14 Va. App. 731, 733, 419 S.E.2d 288, 290 (1992). Conviction for a misdemeanor that occurred during the probationary period, even when the conviction is on appeal, is a reasonable cause to revoke probation and a suspended sentence. *Patterson v. Commonwealth*, 12 Va. App. 1046, 1047-48, 407 S.E.2d 43, 43-44 (1991). However, we are not here concerned with whether the evidence that Hess had been convicted was sufficient to revoke his probation. Rather, because the trial judge made clear that he was bas-

ing his decision to revoke Hess' probation upon evidence that he had heard during Hess' misdemeanor trial to the effect that he had damaged his wife's daughter's automobile, we are concerned with whether the trial judge erred by basing the decision upon evidence outside the record.

■ We first consider whether a trial judge in a probation revocation proceeding may take cognizance of testimony or evidence that he has heard or observed from another judicial proceeding to which the defendant was a party. "Both the United States Supreme Court and [the Virginia Supreme] Court have previously indicated probation revocation hearings are not a stage of criminal prosecution and therefore a probationer is not entitled to the same due process protections afforded a defendant in a criminal prosecution." *Davis*, 12 Va. App. at 84, 402 S.E.2d at 686 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *Atkins v. Commonwealth*, 2 Va. App. 329, 331-32, 343 S.E.2d 385, 387 (1986)). "Specifically, the United States Supreme Court has stated that in revocation hearings 'formal procedures and rules of evidence are not employed,' and that the process of revocation hearings 'should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial.'" *Davis*, 12 Va. App. at 84, 402 S.E.2d at 686 (citations omitted). Thus, hearsay evidence, which normally would be inadmissible in a criminal trial, may in the judge's discretion be admitted into evidence in a probation revocation hearing. *Id.* at 84, 402 S.E.2d at 686. Consequently, a probation officer can, and frequently does, give hearsay evidence that includes a summary of a crime victim's testimony from another trial or even an extra-judicial account concerning a probationer's conduct.

■ We hold that a trial judge's action in taking cognizance of testimony that he heard in an earlier prosecution to which the defendant was a party is equivalent to admitting hearsay evidence in the revocation proceeding. If the presiding judge at the probation revocation hearing also presided at the probationer's criminal prosecution and the judge deems it necessary or desirable to consider evidence or aspects of the earlier criminal proceeding as a basis. for revoking probation, the judge may in the exercise of sound discretion consider such evidence, *provided* that the judge delineates during the evidentiary portion of the revocation proceeding precisely the evidence that is being considered. *See Barrientez v. State*, 500 S.W.2d 474 (Tex. Crim. App. 1973) (in revocation proceeding, judge can take judicial notice of evidence from prior criminal prosecution before him; state not required

to reproduce same witnesses); *see also Stephenson v. State*, 500 S.W.2d 855 (Tex. Crim. App. 1973); *Sam & Mary Housing Corp. v. Jo/Sal Market Corp.*, 474 N.Y.S.2d 786, 100 A.D.2d 901 (1984); and *McDonald v. McDonald*, 233 Ga. 660, 212 S.E.2d 830 (1975).

"Personal knowledge is not judicial knowledge." *Wilson v. State*, 677 S.W.2d 518, 524 (Tex. Crim. App. 1984). A trial judge may not simply announce that he or she is taking judicial notice of evidence presented in another proceeding over which he or she presided in which the defendant was a party. However, where the Commonwealth desires to present specific evidence of a violation by way of testimony from a prior proceeding, or the trial judge desires to consider such evidence, the judge may do so provided he or she makes known during the evidentiary hearing what testimony the judge is basing his or her finding upon. Although the better practice would be for the Commonwealth to introduce a transcript of such evidence or have the probation officer summarize it, we hold that it is permissible for a trial judge to consider testimony or evidence that he or she heard in an earlier proceeding in which the defendant was a party, *provided* that the judge specifies the precise evidence being considered. Otherwise, a term of probation and a suspended sentence may be revoked for reasons that have not been proven in the revocation proceeding and that may not be known to the defendant.

We do not encourage the use of this procedure. Although the practice may be functionally equivalent to a judge considering hearsay evidence, where the probationer elects or finds it necessary to challenge the judge's recollection of the facts, a judge has placed himself or herself in the position of being called as a witness or of defending or explaining his or her recollection of the facts, perhaps in contradiction to a transcript or other witness who may testify.

The procedure followed in Hess' case did not meet the standard we announce today. The judge did not delineate what testimony or witnesses or evidence he considered from the destroying private property prosecution to prove that Hess was not of good behavior or that he had violated the law. The judge simply stated that, based upon evidence that he heard during the previous proceeding, he was satisfied that Hess was guilty of having destroyed private property. The judge expressly based his finding of a probation violation and revocation upon unspecified testimony that he had heard in the earlier proceeding. The magnitude of the trial judge's error in Hess' case was compounded be-

cause neither Hess nor his counsel for the revocation hearing was present at the misdemeanor prosecution.

For the foregoing reasons, we reverse and vacate the order revoking Hess' probation and suspended sentence and the imposition of sentence. We remand the case for such further proceedings as may be deemed appropriate in accordance with this ruling.

*Reversed and remanded.*

Moon, C.J., and Willis, J., concurred.