COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Bray
Argued at Richmond, Virginia


TYRONE JERROD PETTIFORD
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2770-97-2          JUDGE RICHARD S. BRAY
                                           NOVEMBER 24, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

            Susan D. Hansen, Deputy Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.



     On April 16, 1997, Tyrone Jerrod Pettiford (defendant) was

convicted of carrying a concealed weapon and sentenced to five

years imprisonment, all suspended subject to supervised probation

with attendant terms and conditions.  Upon the Commonwealth's

motion, the trial court subsequently ordered defendant "to show

cause why the suspended sentence . . . should not be revoked" as

a result of alleged violations of probation, including

defendant's failure to "obey all . . . laws and ordinances."  At

a related hearing, the court found that defendant had violated

"conditions of . . . supervision," and revoked a portion of the

suspended sentence.  Defendant appeals, complaining that the

court acted without proper evidence to support the order.

─────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Finding no error, we affirm the order.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to disposition of the appeal.

During the show cause hearing, the attorney for the Commonwealth represented to the court that defendant had been "convicted of trespassing, obstruction of justice, assault and battery, and . . . [had] absconded from probation," since the imposition of the suspended sentence. In response, defendant's counsel conceded that defendant had been convicted of trespass and assault and battery and explained that the offenses arose from disputes related to visitation with his son. Counsel acknowledged that, "once [defendant] had those convictions, . . . he wasn't seeing [his] probation officer . . . [for fear] of being violated."

It is well established that "probation revocation hearings are not a stage of criminal prosecution and therefore . . . 'formal procedures and rules of evidence are not employed' . . . . [T]he process of revocation hearings 'should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial.'" Davis v. Commonwealth, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991) (citations omitted). "[W]hether to revoke the suspension of a sentence lies within the sound discretion of the trial court." Singleton v. Commonwealth, 11 Va. App. 575, 580, 400 S.E.2d 205, 208 (1991); see Code

§ 19.2-306. "However, the trial judge may only revoke the suspension of a sentence for reasonable cause." Preston v. Commonwealth, 14 Va. App. 731, 733, 419 S.E.2d 288, 290 (1992) (citation omitted).

Here, the Commonwealth, without objection, advised the court of those misdemeanor convictions which had prompted the instant revocation proceedings. Immediately thereafter, defense counsel admitted to the alleged trespass and assault and battery offenses and explained the underlying circumstances to mitigate the misconduct. Thus, violations of law contrary to express conditions of probation were uncontroverted and clearly before the court. Manifestly, "[a] [c]onviction for a misdemeanor that occurred during the probationary period, . . . is reasonable cause to revoke . . . a suspended sentence." Hess v. Commonwealth, 17 Va. App. 738, 741, 441 S.E.2d 29, 31 (1994).

Accordingly, we find no abuse of discretion by the trial court and affirm the disputed order.

Affirmed.