COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


TIMOTHY WAYNE GURLEY
                                            OPINION BY
v.    Record No. 1634-99-1           JUDGE WILLIAM H. HODGES
                                         DECEMBER 19, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                 Everett A. Martin, Jr., Judge

        Allan D. Zaleski (Weisberg & Zaleski, P.C.,
        on brief), for appellant.

        Pamela A. Rumpz, Assistant Attorney General
        (Mark L. Earley, Attorney General; Robert H.
        Anderson, III, Assistant Attorney General, on
        brief), for appellee.


     Timothy Wayne Gurley (appellant) contends the trial court

erred in denying his motion to have the trial judge who initially

sentenced him and imposed a suspended sentence preside at his

revocation hearing.  For the reasons that follow, we affirm.

                          BACKGROUND

     On March 23, 1998, appellant pled guilty to grand larceny

before Judge Poston of the Norfolk Circuit Court.  After hearing

evidence and argument, Judge Poston found appellant guilty.  He

imposed a four-year sentence but suspended all four years on

condition appellant be of good behavior.

     On January 26, 1999, appellant's probation officer notified

the trial judge that appellant had been convicted of an offense on

November 12, 1998.  As a result, the probation officer requested that a probation violation capias be issued.

On February 24, 1999, the trial judge issued the capias. On April 29, 1999, the trial court, Judge Martin presiding, conducted a revocation hearing.  At the beginning of the hearing, appellant's attorney stated the following:

> On today's docket on the probation violation Timothy Wayne Gurley, I talked to Mr. Gurley about the situation.  This is Judge Poston's case, and Mr. Gurley has asked that I request that the matter be postponed so that Judge Poston can hear the case.  It's a little bit unusual and I would ask that be done.

In support of his request, defense counsel indicated that appellant "feels that he encountered you . . . as a judge in Norfolk Juvenile Court on several occasions, evidently when you served in that capacity."  Judge Martin denied having "any recollection of him."  Judge Martin stated that "Judge Poston's position is that any judge in this court can handle any probation violation," and he denied appellant's motion.

## DISCUSSION

### The Issue on Appeal

Appellant initially pointed out that "this is Judge Poston's case" and requested a continuance so Judge Poston "can hear the case."  He then explained "one of the reasons" for requesting Judge Poston was because Judge Martin "encountered" appellant in juvenile court "on several occasions."

-

The record thus shows that appellant advanced two reasons for requesting Judge Poston to preside. First, appellant argued that this was "Judge Poston's case"; therefore, he should preside. Appellant also argued that he knew Judge Martin from juvenile court. However, on appeal, appellant limits his argument to the authority of a circuit court judge to preside at a revocation hearing where that judge did not preside at the guilt and sentencing phases of trial.

### Preservation of the Issue on Appeal

The Commonwealth contends the issue was not preserved for appellate review. We disagree.

An alleged error is preserved for consideration on appeal if "at the time the ruling or order of the court is made or sought, [a party] makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." Code § 8.01-384. The purpose of this rule is "to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action." Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc).

Appellant clearly asked for Judge Poston, the sentencing judge, to preside. Relying on Judge Poston's position that "any judge in this court can handle any probation violation," Judge Martin denied the request. By referring to Judge Poston's

-

"position" in his ruling, the trial judge recognized but disagreed with appellant's argument that the original sentencing judge should preside.  The fact that the appellant did not cite the statutory authority upon which he relies in his brief does not affect the determination whether he preserved the issue on appeal.

ANALYSIS

Appellant contends that Judge Martin's reliance on "Judge Poston's position . . . that any judge in this court can handle any probation violation" violated Code § 17.1-503.  Code § 17.1-503 authorizes the Supreme Court to "formulate rules of practice and procedure for the circuit courts."  It provides that

> [n]o rule shall hereafter be promulgated
> under the limitations of § 8.01-4 or
> otherwise which would avoid or preclude the
> judge before whom an accused is arraigned in
> criminal cases from hearing all aspects of
> the case on its merits, or to avoid or
> preclude any judge in any case who has heard
> any part of the case on its merits, from
> hearing the case to its conclusion.

Id.[1]

---

[1] In his brief, appellant misquoted Code § 17.1-503 to read "no local rule may preclude a Judge of a Circuit Court from hearing all aspects of the case on its merits."  As explained in the body of this opinion, Code § 8.01-4 is the section that addresses the circuit court's authority to prescribe certain rules.

-

Code § 8.01-4 provides, in pertinent part:

> [C]ircuit courts may, from time to time,
> prescribe rules for their respective . . .
> circuits.  Such rules shall be limited to
> those rules necessary to promote proper
> order and decorum and the efficient and safe
> use of courthouse facilities and clerks'
> offices.  No rule of any such court shall be
> prescribed or enforced which is inconsistent
> with this statute or any other statutory
> provision, or the Rules of Supreme Court or
> contrary to the decided cases, or which has
> the effect of abridging substantive rights
> of persons before such court.  Any rule of
> court which violates the provisions of this
> section shall be invalid.

Thus, appellant's argument is that Judge Poston's expressed "position" amounted to a local rule that improperly precluded the original sentencing judge, Judge Poston, from "hearing all aspects of the case on its merits . . . to its conclusion," in violation of Code § 17.1-503 as it relates to Code § 8.01-4. The practice of allowing any circuit judge to handle any probation violation does not violate Code § 17.1-503 as it pertains to Code § 8.01-4.  Judge Poston's "position" did not prevent the circuit judge who presides at trial from presiding at a subsequent revocation hearing.  Instead, the statement merely explained that any circuit judge, even the original sentencing judge, could preside at a revocation proceeding.

Moreover,

> "[w]hen interpreting a statute, the courts
> have a duty to give full force and effect to
> every word thereof."  "A construction which
> would . . . enervate, impede and paralyze
> the administration of the criminal laws of

-

> the State should not be adopted unless the
> legislative intent to produce such a result
> is clearly indicated." Clearly, the
> legislature intended to grant broad
> discretion to judges to revoke suspensions
> of sentences for cause. Thus, the statutes
> "should be liberally construed to provide
> trial courts a valuable tool for
> rehabilitation of criminals."

Carbaugh v. Commonwealth, 19 Va. App. 119, 124, 449 S.E.2d 264, 267 (1994) (citations omitted).

"[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Morrissey v. Brewer, 408 U.S. 471, 481 (1971); see also Gagnon v. Scarpelli, 411 U.S. 778, 782 (1972) (holding that "[p]robation revocation, like parole revocation is not a stage of a criminal prosecution"). In setting forth the minimum due process requirements for a revocation hearing, the Supreme Court "emphasize[d] there is no thought to equate this [hearing] to a criminal prosecution in any sense." Morrissey, 408 U.S. at 489 (explaining "[i]t is a narrow inquiry" and the process should be flexible). The Supreme Court purposely avoided prescribing "an inflexible structure for parole revocation procedures," and noted that "[t]he few basic [due process] requirements . . . should not impose a great burden on any State's parole system." Id. at 490. Similarly, we have adopted that view of probation revocation hearings.

-

> Both the United States Supreme Court and
> this Court have previously indicated
> <u>probation revocation hearings are not a</u>
> <u>stage of criminal prosecution and therefore</u>
> <u>a probationer is not entitled to the same</u>
> <u>due process protections afforded a defendant</u>
> <u>in a criminal prosecution</u>.  Specifically,
> the United States Supreme Court has stated
> that in revocation hearings "formal
> procedures and rules of evidence are not
> employed," and that the process of
> revocation hearings "should be flexible
> enough to consider evidence . . . that would
> not be admissible in an adversary criminal
> trial."

<u>Davis v. Commonwealth</u>, 12 Va. App. 81, 84, 402 S.E.2d 684, 686

(1991) (citations omitted) (emphasis added).

Furthermore, when discussing the authority to revoke a

suspended sentence, our revocation statute and case law ascribe

that authority to "the court," "a court" and, using the

indefinite article, to "a judge," without specifying which trial

judge.  See, <u>e.g.</u>, Code § 19.2-306 ("<u>the court</u> may, for any cause

deemed by it sufficient within the probation period, . . . revoke

the suspension of sentence" (emphasis added)); <u>Griffin v.</u>

<u>Cunningham</u>, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964) ("<u>[a]</u>

<u>court</u> which has ordered a suspension of sentence undoubtedly has

the power to revoke it" (emphasis added)); <u>Carbaugh</u>, 19 Va. App.

at 123, 449 S.E.2d at 266 ("under Virginia law once a defendant

receives a suspended sentence, <u>a judge's</u> power to revoke the

suspension is governed by statute" (emphasis added)).

In <u>Hess v. Commonwealth</u>, 17 Va. App. 738, 742, 441 S.E.2d

29, 32 (1994), we reversed the trial court's decision to revoke

-

Hess' suspended sentence because the trial judge presiding at the revocation proceeding improperly based his decision to revoke Hess' suspended sentence on unspecified evidence he allegedly heard while presiding at Hess' earlier trial.  In that case, we explained:

> If the presiding judge at the probation revocation hearing also presided at the probationer's criminal prosecution and the judge deems it necessary or desirable to consider evidence or aspects of the earlier criminal proceeding as a basis for revoking probation, the judge may in the exercise of sound discretion consider such evidence, provided that the judge delineates during the evidentiary portion of the revocation proceeding precisely the evidence that is being considered.

Id. at 742, 441 S.E.2d at 32 (emphasis added).  Hess contemplates that the sentencing judge may or may not preside at the revocation proceeding.

CONCLUSION

We find that the trial court did not promulgate a local rule preventing the original judge from presiding at a revocation proceeding.  Accordingly, the trial court committed no statutory violation.

We further hold that, because a revocation proceeding "is not a stage of criminal prosecution," see Davis, 12 Va. App. at 84, 402 S.E.2d at 686, because such a proceeding may or may not take place depending on future contingencies involving a probationer's conduct, because our code and case law have consistently referred

-

to the authority of "the court" rather than a specific judge to conduct a revocation hearing, and because no statute or rule places any restriction on a different trial judge presiding at a subsequent revocation hearing, the same circuit court judge who presides at a defendant's original trial is not required to preside at a later revocation hearing.  Accordingly, we affirm the trial court.

<u>Affirmed.</u>

-