COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Agee and Senior Judge Coleman
Argued at Salem, Virginia


JOHN TIMOTHY LEVESQUE

MEMORANDUM OPINION[*] BY
v.    Record No. 0312-00-3        JUDGE SAM W. COLEMAN, III
                                       JUNE 26, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Robert P. Doherty, Jr., Judge

Rhonda L. Overstreet (Lumsden, Overstreet &
Hansen, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


John Timothy Levesque appeals the trial court's order

revoking his probation and suspended sentence that were imposed

for a 1988 aggravated sexual battery conviction. The trial court

found Levesque violated a condition of probation by having contact

with children. The questions on appeal are whether Levesque had

contact with children in violation of a condition of probation and

whether the trial judge abused his discretion by revoking

Levesque's probation and suspended sentence.[1] We hold that the

---

[*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[1] Levesque's brief presents four questions on appeal.
However, Levesque's petition for appeal, and the appeal that we
granted, presented the sole question of whether the trial court
abused its discretion in revoking his suspended sentence.

evidence supports the trial judge's finding that Levesque violated the "no contact" condition and that the judge did not abuse his discretion.

Levesque was convicted of aggravated sexual battery and sentenced to ten years in prison, suspended after serving four years. Levesque was also placed on supervised probation and ordered to participate in a sex offender treatment program upon his release from prison. Herbert Hastings, Levesque's probation officer, testified that when Levesque was released from prison he entered the sex offender treatment program as his probation required. Hastings instructed Levesque that his probation also required that he could not possess materials that contained pictures of children. Hastings testified that because Levesque's offense had been aggravated sexual battery of children, Hastings verbally instructed Levesque that he was to have "no contact" with children, as a special condition of his probation.

During Levesque's probation, Hastings was notified that Levesque was under police investigation for having photographed young children in stores. The police obtained copies of the photographs, which were random shots of children looking at items in the stores. Levesque never talked to the children and did not touch them. Levesque admitted taking the photographs and told the investigating officer that he took the photographs to use as "masturbation tools" because a psychiatrist had told him that "would help him control his pedophilia." Levesque was cooperative

-2-

with the investigating officers and with his probation officer and did not attempt to conceal his activities.

Debra Smith, the director of the sex offender treatment program, testified that the act of photographing children by Levesque was "very high risk behavior, suggesting . . . that he was in a pre-offense cycle, that he was going along the path of getting ready to re-offend . . . ." Smith explained that it did not matter that the children in the photographs were clothed because it was the photograph of the child that was sexually arousing to Levesque.

Code § 19.2-306 permits a trial court to revoke a suspended sentence "for any cause deemed by it sufficient." "'[W]hether to revoke the suspension of a sentence lies within the sound discretion of the trial court.'" Hess v. Commonwealth, 17 Va. App. 738, 741, 441 S.E.2d 29, 31 (1994) (citation omitted). A court may revoke a suspended sentence for substantial misconduct that does not involve a violation of the law. Resio v. Commonwealth, 29 Va. App. 616, 622, 513 S.E.2d 892, 895 (1999). The trial court "'undoubtedly has the power to revoke [the suspension of a sentence] when the defendant has failed to comply with the conditions of the suspension.'" Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (quoting Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964)).

Condition Six of the probation agreement signed by appellant provided, "I will follow my probation and parole officer's instructions and be truthful and cooperative." Hastings verbally instructed Levesque that he was to have "no contact" with children. Levesque acknowledged that Hastings had instructed him to have no "unsupervised" contact with children and that this was a special condition of his probation. Levesque also acknowledged that looking at children could sexually arouse him and that he was not supposed to use photographs of children as "masturbation tools." He acknowledged that he was not to possess pornography and that pornography included photographs, magazines or material that would sexually arouse him. Levesque asserts, however, that the trial judge abused his discretion in finding that he violated the special condition of his probation because when he took the photographs of the children they were being supervised by their parents and, moreover, photographing the children did not constitute having "contact" with them. Levesque essentially takes the position that contact with children in the context of his probation requires physical contact or touching or engaging in conversation.

The trial judge did not expressly address Levesque's contention that he was only prohibited from having "unsupervised contact" with children. Nevertheless, implicit in the trial judge's finding was that any contact with children by Levesque

for the purpose of sexual arousal or gratification would violate Condition Six of his probation. Although Levesque did not have physical contact with the children, photographing the children was contact with the children that Levesque intended to use for his sexual arousal. Because of the nature of Levesque's conviction, the act of photographing the children was contact with children that violated Condition Six of his probation. The trial judge did not abuse his discretion in revoking Levesque's probation and suspended sentence.

Thus, the trial judge did not err by finding that Levesque had contact with children, in violation of the special condition of his probation, when he photographed the children to obtain photographs for his own sexual arousal. Accordingly, the trial judge did not abuse his discretion in revoking Levesque's probation and suspended sentence for the violation.

<u>Affirmed.</u>