COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges McClanahan and Haley
Argued at Salem, Virginia


FRANK EDWARD OSBORNE

v.      Record No. 2358-04-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JAMES W. HALEY, JR.
OCTOBER 4, 2005


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
J. Samuel Johnston, Jr., Judge

Thomas S. Leebrick (Thomas S. Leebrick, P.C., on brief), for
appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Frank Edward Osborne raises the following issues arising from his September 8, 2004

probation hearing: (1) whether the trial court erred in allowing the testimony of a witness, Tiffany

Dearing, over appellant's objection as to relevance; (2) whether the trial court erred in failing to

exclude Tiffany Dearing from the evidentiary hearing; and (3) whether the trial court erred in

refusing to grant a continuance to the appellant.

I.

Frank Edward Osborne was convicted of abduction and assault and battery on August 20,

2003 in the Campbell County Circuit Court. Appellant was sentenced to ten years on the abduction

charge and twelve months on the assault and battery charge. The sentences were to run

concurrently with all but six months on each count suspended. Appellant was placed on supervised

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

probation for three years and ordered to be of good behavior for ten years following his release from incarceration.

Appellant was released from incarceration on October 7, 2003. Five days later, October 12th, appellant was arrested and charged with abduction and wearing a mask in public in the City of Lynchburg. Based solely on this incident, the Campbell County Circuit Court issued a capias for Osborne for violation of his probation and good behavior terms from the August 20, 2003 convictions. Appellant pled guilty to the charges of abduction and wearing a mask in public on August 16, 2004 in the City of Lynchburg Circuit Court.

A hearing on the probation violation was held on September 8, 2004 in the Campbell County Circuit Court. Prior to any opening statement or testimony and without objection, the trial judge read into the record a handwritten letter from the appellant to the court asking for leniency. The letter states, in pertinent part,

> Your honor I didn't do anything to this young woman whom the charges are from. She will even tell you that, I never touched her . . . the reason I took a plea bargain of 3 yrs. was because I felt it would be in my best interest, because I felt like I was going to be judged on my past, and not now.

After the reading of the letter, appellant's counsel requested the witnesses be separated and remain outside the courtroom. The Commonwealth asked the court to allow Ms. Tiffany Dearing, the victim of the City of Lynchburg abduction, to remain in the courtroom. The trial judge allowed Ms. Dearing to remain over opposing counsel's objection. The trial court concluded that Ms. Dearing was a "victim" under Code § 19.2-11.01(B) and thus exempt pursuant to Code § 19.2-265.01 from the exclusionary provisions of Code § 19.2-265.1.[1]

---

[1] Those statutes read, in pertinent part: "'*victim*' means (i) a person who has suffered physical, psychological, or economic harm as a direct result of the commission of a felony . . . ." Code § 19.2-11.01(B). "[A]ny victim as defined in § 19.2-11.01 may remain in the courtroom and shall not be excluded unless the court determines, in its discretion, the presence of the victim would impair the conduct of a fair trial." Code § 19.2-265.01.

Appellant's counsel thereafter objected to the proceeding and asked for a continuance. Counsel stated the reason for the continuance was "violation of my client's due process under the 5th and 14th Amendment." Counsel added, "I am not prepared to try an abduction trial. I'm trying – I'm prepared to try a trial regarding whether or not my client violated the terms of his probation." The judge overruled the motion for continuance.

Appellant's counsel also objected to the testimony of Tiffany Dearing on relevance grounds. Counsel stated that he had not represented appellant on the charges in Lynchburg and was therefore unprepared to cross-examine Ms. Dearing. Counsel also stated that her testimony violated appellant's due process rights because she was not excluded from the courtroom. The judge overruled the objections.

The trial court heard testimony from Robert Bliss, appellant's probation officer, and Ms. Dearing. Mr. Bliss testified that, during an October 8, 2003 probation meeting, the day following Osborne's release from incarceration, Osborne asked him whether or not he could possess "a throwing star or shooting star" and a sword. Bliss responded that he could "absolutely not" possess either. During the meeting, Osborne admitted to maintaining a sword collection, and Bliss told him to "get rid of the swords now."

Ms. Dearing, the Commonwealth's witness in the Lynchburg incident, testified that appellant had told her "that he could rape or kill [her] or do whatever he wanted to do with [her]." Ms. Dearing stated that while telling her this, Osborne had a "long, long sword" in his hand that he

---

> In the trial of every criminal case, the court . . . shall upon the motion . . . [of] any defendant, require the exclusion of every witness to be called . . . . Additionally, any victim as defined in § 19.2-11.01 who is to be called as a witness shall be exempt from the rule of this section as a matter of law unless, in accordance with the provisions of § 19.2-265.01, his exclusion is otherwise required.

Code § 19.2-265.1.

placed across her stomach. Ms. Dearing was instructed by Osborne to walk with him around the

neighborhood until he allowed her to go into a friend's house with the understanding that she would

come to his house after she "was done doing whatever [she] had to do." During the entire

exchange, Osborne was wearing a mask.

The trial court re-imposed the ten-year suspended sentence from the earlier convictions.

The judge noted, "I was disturbed by your bizarre conduct, your fascination with the Orient, the

knives, the Ninji, the mask . . . you violate[d] the law once again with this Ninji fascination, the

mask, the black outfit, the sword." By order dated November 22, 2004, the trial court suspended

three years of the sentence.

II.

Initially, we note the following relating to probation revocation hearings:

> Both the United States Supreme Court and this Court have
> previously indicated probation revocation hearings are not a stage
> of criminal prosecution and therefore a probationer is not entitled
> to the same due process protections afforded a defendant in a
> criminal prosecution. Specifically, the United States Supreme
> Court has stated that in revocation hearings "formal procedures
> and rules of evidence are not employed," and that the process of
> revocation hearings "should be flexible enough to consider
> evidence . . . that would not be admissible in an adversary criminal
> trial."

Gurley v. Commonwealth, 34 Va. App. 166, 172, 538 S.E.2d 361, 363-64 (2000) (quoting Davis v.

Commonwealth, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991) (additional citations omitted)).

Here, appellant objected to the relevance of the testimony of Ms. Dearing, the

Commonwealth's witness in the subsequent Lynchburg crime. While it is true, as this Court held in

Alsberry v. Commonwealth, 39 Va. App. 314, 320-21, 572 S.E.2d 522, 525 (2002), that "upon

revocation of the suspended sentence, the defendant is punished in accordance with a previously

imposed sentence[,] not for the conduct prompting the revocation[,] but for his commission of

- 4 -

the original crime," it does not follow that evidence concerning the circumstances of that conduct is not relevant.

Code § 19.2-306 authorizes a court to revoke a suspended sentence "for any cause the court deems sufficient." But, as the Virginia Supreme Court has noted:

> The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause. The sufficiency of the evidence to sustain an order of revocation "is a matter within the sound discretion of the trial court. Its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion." The discretion required is a judicial discretion, the exercise of which "implies conscientious judgment, not arbitrary action."

Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976) (citations omitted). See also Peyton v. Commonwealth, 268 Va. 503, 508, 604 S.E.2d 17, 19-20 (2004). Here, the cause that the court identified in revoking appellant's suspended sentences was the City of Lynchburg abduction and mask wearing charges. The defendant, in his letter, stated: "I didn't do anything to this young woman." Thus, it follows that testimony from the eyewitness to those circumstances is clearly relevant to the trial court's determination of if and how much of appellant's suspended sentences it would be reasonable and just to revoke. "'Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case.'" Byrd v. Commonwealth, 30 Va. App. 371, 375, 517 S.E.2d 243, 245 (1999) (quoting Utz v. Commonwealth, 28 Va. App. 411, 419, 505 S.E.2d 380, 384 (1998)). Accordingly, we hold the testimony of Ms. Dearing was relevant and admissible in the revocation proceeding.[2]

## III.

In our view it is not necessary to decide whether or not the witness here involved was a "victim" under Code §§ 19.2-265.01 and 19.2-11.01(B), and thus not subject to the exception of

---

[2] During oral argument, appellant's counsel conceded the relevance of Ms. Dearing's testimony. Nevertheless, we address that issue.

the exclusionary rule of Code § 19.2-265.1. Even assuming *arguendo* that she was subject to the exclusionary rule, her presence in the court constituted harmless error.

"The 'purpose of excluding the witnesses from the courtroom is, of course, to deprive a later witness of the opportunity of shaping his testimony to correspond to that of an earlier one.'" Bennett v. Commonwealth, 236 Va. 448, 465, 374 S.E.2d 303, 314 (1988) (citation omitted). Ms. Dearing testified that Osborne, while he brandished a "long, long sword," stated "that he could rape or kill me or do whatever he wanted to do with me." Such an admission was not contained in the appellant's letter to the trial court. In fact, the letter only contained a blanket denial of the entire incident. The only other witness who testified for the Commonwealth was, as noted above, Robert Bliss, the defendant's probation officer. His testimony did not even address the Lynchburg incident, other than noting that Osborne had pled guilty on August 16, 2004 in that jurisdiction. Thus, Ms. Dearing could not have "shap[ed] [her] testimony to correspond" to the contents of the letter or the testimony of the probation officer. Id. The purpose of excluding witnesses was not violated, and any error, if present at all, was harmless.

Code § 8.01-678 states:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed: . . . For any other defect, imperfection, or omission in the record, or for any error committed on the trial.

Additionally, the Virginia Supreme Court has held that "a reviewing court must decide whether the alleged error substantially influenced the [judge]. If it did not, the error is harmless." Rose v. Commonwealth, 270 Va. 3, 11-12, 613 S.E.2d 454, 458-59 (2005) (citation omitted). See also McCary v. Commonwealth, 36 Va. App. 27, 40, 548 S.E.2d 239, 245 (2001).

As this Court has held,

> An error is harmless (1) if "other evidence of guilt is 'so overwhelming and the error so insignificant by comparison that the

> error could not have affected the verdict,'" or, "even if the evidence of the defendant's guilt is not overwhelming, [(2)] if the evidence admitted in error was merely cumulative of other, undisputed evidence."

McLean v. Commonwealth, 32 Va. App. 200, 211, 527 S.E.2d 443, 448-49 (2000) (quoting Ferguson v. Commonwealth, 16 Va. App. 9, 12, 427 S.E.2d 442, 444-45 (1993) (additional citation omitted)). Here, Osborne pled guilty to abduction and wearing a mask in public in the City of Lynchburg prior to the revocation hearing. Ms. Dearing's presence and testimony provided details from that event but was not the sole basis for the trial court's decision. The trial judge specifically noted that he remembered Osborne's fascination with swords and "Ninji" culture that was described by Mr. Bliss, the probation officer. Thus, Ms. Dearing's presence and testimony was merely cumulative given the overwhelming evidence of Osborne's probation violation, and any error, if present at all, was harmless.

Appellant also argues on appeal that the judge erred by reading the letter in the presence of all witnesses. Appellant's counsel did not object to this reading. In addition, appellant's counsel did not move to exclude witnesses until after the judge read appellant's letter into the record. Thus, appellant's counsel did not make a timely objection to the letter being read in the witnesses' presence. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Rule 5A:18.

Additionally, we find that appellant's due process rights were not violated. Appellant was allowed to cross-examine both of the Commonwealth's witnesses, which he did. Appellant was given proper notice of the proceedings and the opportunity to present evidence on his behalf. Those opportunities are sufficient to afford appellant the requisite due process protections in this proceeding. See Black v. Romano, 471 U.S. 606, 612-13 (1985); Code § 53.1-170.

IV.

Appellant asserts that the trial court erred in not granting a continuance because his counsel was not prepared to cross-examine Ms. Dearing and was not familiar with the circumstances of the Lynchburg charges.  Appellant cites no authority supporting this claim, and we find none either.  Appellant's counsel does state, however, that, despite his unfamiliarity with the Lynchburg charges, he is "prepared to try a trial regarding whether or not [his] client violated the terms of his probation."  But, we note, it was the Lynchburg charges which were the sole basis of the issuance of the capias which led to the probation hearing.  Accordingly, we find that the trial judge did not abuse his discretion in denying the motion for a continuance.

V.

For the foregoing reasons, we affirm.

<u>Affirmed.</u>