COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Beales
Argued at Chesapeake, Virginia


EDWANIER LEVI JACKSON

                                                MEMORANDUM OPINION[*] BY
v.       Record No. 0041-06-1              CHIEF JUDGE WALTER S. FELTON, JR.
                                                        JUNE 12, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
Glen A. Tyler, Judge

Allan D. Zaleski (Weisberg and Zaleski, P.C., on briefs), for
appellant.

Karen Misbach, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Edwanier Levi Jackson (appellant) appeals the sentence imposed by the trial court pursuant

to his plea of guilty to three counts of distributing cocaine in violation of Code § 18.2-248.  He

contends that his sentence was erroneously imposed because "he was not sentenced by the same

judge that heard and accepted his pleas of guilty."  For the reasons that follow, we affirm appellant's

sentence.

I.  BACKGROUND

Appellant was indicted for four counts of distributing cocaine in Accomack County.  On

June 2, 2005, he pled guilty to three of those charges[1] before the Honorable Frederick B. Lowe.[2]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commonwealth *nolle prosequied* the fourth charge.

[2] Judge Lowe and Judge Tyler are both judges in the Second Judicial Circuit.  Judge
Lowe normally sits in the City of Virginia Beach.  Judge Tyler normally sits in Accomack and
Northampton Counties.

The trial court accepted his guilty pleas and continued the case for preparation of a pre-sentence report.

Appellant returned to the trial court on December 22, 2005 for sentencing. The Honorable Glen A. Tyler presided over the hearing. Appellant objected to Judge Tyler imposing his sentence, his counsel asserting that

> when this matter was heard and originally scheduled for trial, Judge Lowe was here . . . and my client entered a plea of guilty to these three offenses . . . . One of the factors that deduced him to plead guilty was the presence of Judge Lowe and the representation and the thought that sentencing would be by Judge Lowe.
>
> He has advised me that he wishes to have Judge Lowe sentence him.

In response to appellant's objection, the trial court stated that, "it is a routine practice in the Second Judicial Circuit that cases in which there is a guilty plea do not require that the same judge who took the guilty plea conduct the sentencing." The trial court then heard appellant's testimony, during which appellant stated that the identity of the judge was a factor in his decision to plead guilty and that Judge Tyler had previously sentenced him on a similar, but unrelated charge.[3]

The trial court overruled appellant's objection, noting that it had no recollection of him and that it did not "see any reason not to conduct the sentencing." Thereafter, the trial court sentenced appellant to 22 years imprisonment on each conviction, and ordered the sentences to run concurrently.

## II. ANALYSIS

Appellant, for the first time on appeal, argues that the trial court erred in overruling his objection because (1) the trial court's "routine practice" of substituting judges has not been promulgated as a local rule pursuant to the requirements of Rule 1:15, and (2) the substitution of

---

[3] There is no indication in the record that appellant sought to withdraw his guilty plea.

judges is limited by the prescriptions of Code § 19.2-154.[4]  The Commonwealth contends that appellant's arguments are procedurally barred pursuant to Rule 5A:18 because he did not present them to the trial court.  We agree with the Commonwealth, and conclude that appellant did not preserve the specific legal arguments he asserts on appeal for appellate review.

"As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal."  Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 555, 571 (2005) (citing Riner v. Commonwealth, 268 Va. 296, 325, 601 S.E.2d 555, 571 (2004)).  The purpose of Rule 5A:18 is "to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals."  Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002).  Therefore, "[a] general argument or an abstract reference to the law is not sufficient to preserve an issue."  Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) (citing Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); Scott v. Commonwealth, 31 Va. App. 461, 464-45, 524 S.E.2d 162, 164 (2000)).  Nor does making one specific argument on an issue preserve a separate legal point on the same issue for review.  Id. (citing Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999)).

The record reflects that appellant objected to the imposition of his sentence by Judge Tyler on the basis that he had entered his guilty pleas before Judge Lowe assuming that Judge Lowe would preside over his sentencing.  However, he did not raise his arguments regarding Rule 1:15 or Code § 19.2-154 to the trial court at the time he made his sentencing objection known.

---

[4] Code § 19.2-154 pertains to the substitution of judges mid-trial for reasons of death, sickness, or other disability.

- 3 -

Appellant, relying on Gurley v. Commonwealth, 34 Va. App. 166, 538 S.E.2d 361 (2000), urges that "[n]o particular form is required" to preserve an issue on appeal under Code § 8.01-384.[5] Thus, he contends that his failure to cite the authority upon which he relies in his brief does not affect our determination of whether he preserved the issue on appeal. We agree that a party is not required to provide the trial court with precise citation to statutory and case law authority in order to preserve an issue for appellate review. However, a party must inform the trial court of the legal basis of his objection. See Edwards, 41 Va. App. at 760, 589 S.E.2d at 448 (citing West Alexandria Prop., Inc. v. First Virginia Mortgage and Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) ("On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court."); Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978) (holding that appellate courts will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue)). Failure to do so deprives the trial court of the opportunity to "intelligently address, examine, and resolve" a party's objections, thereby circumventing the purpose of Rule 5A:18. Andrews, 37 Va. App. at 493, 559 S.E.2d at 408.

Accordingly, we will not consider appellant's arguments for the first time on appeal. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Although Rule 5A:18 allows exceptions for "good cause shown" or to "attain the ends of justice," appellant does not argue

---

[5] Code § 8.01-384 provides in relevant part:

> Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court *and his grounds therefor* . . . .

(Emphasis added).

that we should invoke these exceptions. <u>See e.g.</u> <u>Redman v. Commonwealth</u>, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). We will not consider these arguments *sua sponte*. <u>See</u> <u>Edwards</u>, 41 Va. App. at 760, 589 S.E.2d at 448.

"It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'" <u>Valentine v. Commonwealth</u>, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting <u>Abdo v. Commonwealth</u>, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977)). As appellant's sentence is within the statutory range set by the legislature, we affirm the trial court's judgment.[6] <u>Robinson v. Commonwealth</u>, 13 Va. App. 540, 542, 413 S.E.2d 661, 662 (1992) ("'If the sentence is within the range set by the legislature, an appellate court will not interfere with the judgment.'" (quoting <u>Hudson v. Commonwealth</u>, 10 Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990))).

<u>Affirmed.</u>

---

[6] Code § 18.2-248(C) provides that "any person who violates this section . . . shall upon conviction be imprisoned for not less than five nor more than 40 years . . . ." Under this provision, the trial court was required to sentence appellant within a range of not less than 15 years or more than 120 years imprisonment.