COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff,[*] AtLee and Ortiz
Argued at Fairfax, Virginia


JEREMIAH LARENZ MOUZON

                                         MEMORANDUM OPINION[**] BY
v.       Record No. 1067-23-4           JUDGE RICHARD Y. ATLEE, JR.
                                            FEBRUARY 4, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Petula C. Metzler, Judge

Samantha Offutt Thames, Senior Appellate Attorney (Michelle C. F.
Derrico, Senior Appellate Attorney; Virginia Indigent Defense
Commission, on briefs), for appellant.

Katherine Quinlan Adelfio, Senior Assistant Attorney General (Jason
S. Miyares, Attorney General, on brief), for appellee.


The trial court found Jeremiah Larenz Mouzon in violation of the terms and conditions of

his probation, revoked his suspended sentence, and imposed an active sentence of ten years.[1]

Mouzon argues that the "trial court erred in finding a Condition 1 violation" and by "admitting the

major violation reports into evidence." We find no trial court error and affirm the judgment.

## I. BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

---

[*] Judge Huff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 2024.

[**] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Eight years of Mouzon's original 20-year sentence remain suspended.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

In December 2016, following his guilty pleas, the trial court convicted Mouzon of robbery and use of a firearm in the commission of a felony. In August 2017, the court sentenced Mouzon to a total of 23 years of imprisonment with 18 years suspended.

In May 2022, Mouzon's probation officer filed a major violation report (MVR) followed by an addendum, stating that Mouzon had been convicted of murder, use of a firearm, and aggravated malicious wounding in Fairfax County. At a video hearing before the Circuit Court of Prince William County, Mouzon informed the court that he was incarcerated in Fairfax County because he was "awaiting sentencing." In an August 2022 motion to continue Mouzon's probation revocation hearing, his counsel stated that Mouzon had been convicted of the Fairfax County charges. Mouzon's counsel also noted that Mouzon was "incarcerat[ed] in another jurisdiction" and had been "convicted of serious charges." In another filing, defense counsel further acknowledged Mouzon's "new convictions in Fairfax County."

In an April 2023 MVR addendum, Mouzon's probation officer reported that Mouzon had been sentenced to a total of 28 years of imprisonment on the new convictions. At the May 2023 revocation hearing, the trial court announced that it had reviewed Mouzon's mitigation evidence and the MVR's. The defense stated it had no corrections, deletions, or modifications to the MVR. Without objection, the trial court made the probation violation letters and the sentencing guidelines, which listed Mouzon's new convictions, a part of the record.

Mouzon later objected to the admission of the documents, arguing that the Commonwealth had not established an adequate foundation and that they were unreliable hearsay. The trial court found the evidence reliable and rejected Mouzon's objection. The court revoked Mouzon's suspended time and re-suspended all but ten years. Mouzon appeals.

## II. ANALYSIS

Mouzon argues that the trial court erred "in finding a Condition 1 violation" and by "admitting the major violation reports into evidence." He asserts that "a revocation report, standing alone" is insufficient "to prove a prior conviction." We disagree.

Subject to certain conditions not at issue here, "in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "We have consistently held that the 'revocation of a suspended sentence lies in the discretion of the trial court and that this discretion is quite broad.'" *Commonwealth v. Delaune*, 302 Va. 644, 658 (2023) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)). "On an appeal of a probation revocation, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)).

"Code § 19.2-306(A) has always provided the 'statutory authority for a circuit court to revoke a suspended sentence.'" *Id.* (quoting *Green*, 75 Va. App. at 77). "Code § 19.2-306(C) was 'amended and reenacted' to provide that '[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1.'" *Id.* (alteration in original) (quoting *Green*, 75 Va. App. at 78). "The newly enacted Code § 19.2-306.1 limits the period of active incarceration that a circuit court can impose for what the statute refers to as certain 'technical violations' enumerated under [Code § 19.2-306.1(A)]." *Id.* at 460-61 (quoting *Green*, 75 Va. App. at 78). "Whereas Code § 19.2-306(C) does not distinguish between types of violations, Code § 19.2-306.1 creates two tiers of probation

violations: (1) technical violations, based on a probationer's failure to do one of ten enumerated actions, and (2) non-technical violations." *Id.* at 466. "[T]he conduct statutorily defined as technical violations are specific requirements imposed on all probationers supervised by probation officers . . . ." *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 193 (2023). By contrast, "[n]on-technical violations include 'convict[ion] of a criminal offense that was committed after the date of the suspension' and 'violat[ion of] another condition other than (i) a technical violation [in subsection (A)] or (ii) a good conduct violation that did not result in a criminal conviction.'" *Thomas v. Commonwealth*, 77 Va. App. 613, 622 (2023) (all but first alteration in original) (quoting Code § 19.2-306.1(B)).

Under Code § 19.2-306.1(B),

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

"Both the United States Supreme Court and this Court have previously indicated probation revocation hearings are not a stage of criminal prosecution and therefore a probationer is not entitled to the same due process protections afforded a defendant in a criminal prosecution." *Gurley v. Commonwealth*, 34 Va. App. 166, 172 (2000) (emphasis omitted) (quoting *Davis*, 12 Va. App. at 84). "[I]n revocation hearings 'formal procedures and rules of evidence are not employed,' and . . . the process of revocation hearings 'should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial.'" *Id.* (third alteration in original) (quoting *Davis*, 12 Va. App. at 84).

Here, we find no error with the trial court's admission of the MVR. As the court noted, the documents were prepared by a government official and contained sufficient evidence of reliability. Further, Mouzon repeatedly admitted during the proceedings that he had been

- 4 -

convicted of the new offenses in Fairfax, thus corroborating the MVR and providing the trial court with sufficient evidence to revoke his suspended sentence. The trial court did not rely solely on the MVR, it also relied upon Mouzon's multiple admissions and acknowledgments of his new Fairfax convictions.

Upon finding Mouzon in violation by receiving new convictions, the trial court's sentencing authority was not restricted by Code § 19.2-306.1(C), and the court had the discretion to "impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*