540 S.E.2d 527

Danzell PANNELL

v.

COMMONWEALTH of Virginia.

Record No. 0274–00–4.

Court of Appeals of Virginia,
Alexandria.

Jan. 30, 2001.

288

Christopher R.K. Leibig, Annandale, for appellant.

Michael T. Judge, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: WILLIS, BRAY and CLEMENTS, JJ.

BRAY, Judge.

Acting on a petition alleging that Danzell Pannell (defendant) violated several conditions of probation, the Alexandria Juvenile and Domestic Relations District Court (J & D) found defendant "guilty" and committed him to the Department of Juvenile Justice for an indeterminate period. An appeal to the trial court by defendant resulted in a like finding and disposition. On appeal to this Court, defendant complains the court erroneously admitted hearsay evidence and failed to apply the proper standard of proof in adjudicating the petition. We agree and reverse the order.

## I.

The procedural history and pertinent facts are undisputed. During an adjudicatory hearing before the J & D court on April 9, 1997, the court found defendant "delinquent" upon his plea of guilty to a petition alleging "unauthorized use" of a motor vehicle. The proceedings were then continued until May 30, 1997, when a "Disposition" hearing was conducted, and defendant was "place[d] on probation" upon certain terms and conditions.[1]

On October 21, 1999, the subject petition, alleging defendant "tested positive for marijuana on 9–6–99[,] . . . was suspended from school . . . on 10/1/99" and had failed to comply with a "Day reporting program," all in violation of probation, was filed with the J & D court. Following a related hearing and disposition unfavorable to defendant, he appealed to the trial court. Pretrial, defendant moved the court to "exclude hearsay" evidence and apply "the reasonable doubt standard" of proof in determining the violations. Following argument *ore tenus,* the court overruled the motion and commenced the hearing.

Lisa Arnold, a probation officer with the Alexandria Court Services Unit, testified that supervision of defendant had been assigned to her following the disposition to probation by the J

---

1. Defendant appealed neither the adjudication nor related disposition.

& D court of the unauthorized use petition. Subsequently, in April 1999, direct supervision was "transferred" to Amy Ashley, a probation officer in Prince William County, defendant's place of residence. Over defendant's renewed objection, Ms. Arnold further testified that Ms. Ashley soon advised her of "some issues" related to defendant that required intervention of "their court" and "more intensive supervision," including "day reporting, drug testing, [and] monitoring of school." Later, on September 6, 1999, Ms. Arnold "was told" by Ms. Ashley "that ... defendant tested positive for marijuana" and, in early October, similarly learned that he had been suspended from school and was in noncompliance with the "day reporting program," the circumstances prompting the instant petition.[2]

At the conclusion of Ms. Arnold's testimony, the Commonwealth rested, defendant presented no evidence and moved the court "to strike," arguing that "the case ha[d] not been proven beyond a reasonable doubt." The court disagreed and, applying the "preponderance of the evidence" standard to the Commonwealth's proof, found defendant in violation of probation. Before disposition, however, the court considered a lengthy "Court Study," which recounted defendant's social and "Court History" and recommended "commit[ment] to the Department of Juvenile Justice for an indeterminate period," the disposition imposed by the court.

## II.

Upon adjudicating "a juvenile ... delinquent ...,[3] the juvenile court or the circuit court may make any of" an array of "disposition[s] for [the] supervision, care and rehabilitation" of the child. Code § 16.1–278.8(A). Among the statutory op-

---

2. In support of the allegations, Ms. Arnold was provided documentation of "the test performed on [defendant]" that indicated marijuana use, the school suspension notice, and the recorded absences from the day-reporting program.

3. A " 'Delinquent Child' means a child who has committed a delinquent act" and a " 'Delinquent Act' means (i) an act designated a crime under the law of the Commonwealth...." Code § 16.1–228.

tions, the tribunal may "[p]lace the juvenile on probation under certain conditions and limitations as the court may prescribe." Code § 16.1–278.8(A)(7). Thereafter,

A. A child who violates an order of the juvenile court entered into pursuant to § [16.1–278.8] ... may be proceeded against for a revocation or modification of such order.... A proceeding to revoke or modify probation ... shall be commenced by the filing of a petition. Except as otherwise provided, *such petitions shall be screened, reviewed and prepared in the same manner and shall contain the same information as provided in §§ 16.1–260 and 16.1–262.... Proceedings to revoke or modify probation ... shall be governed by the procedures, safeguards, rights and duties applicable to the original proceedings.*

B. If a child is found to have violated a prior order of the court ..., the court may, in accordance with the provisions of §§ 16.1–278.2 through 16.1–278.10, upon a revocation or modification hearing, modify ... the terms of the order ... or make any other disposition of the child.

Code § 16.1–291 (emphasis added).

Code § 16.1–260 directs that "[a]ll matters alleged to be within the jurisdiction of the [J & D] court shall be commenced by the filing of a petition" in the "form and content" specified by Code § 16.1–262. Code § 16.1–260(A). A petition alleging delinquency, a matter within the jurisdiction of the J & D court pursuant to Code § 16.1–241(A) and, therefore, embraced by Code § 16.1–260, emanates from a "complaint" initially screened and reviewed by an "intake officer." Code § 16.1–260. Thus, Code § 16.1–291, by reference to Code § 16.1–260, prescribes the identical procedural course for complaints alleging either a violation of probation or a delinquent act, although a violation of probation, by definition, is clearly not a delinquent act. Code § 16.1–228. Similarly, Code § 16.1–291 empowers the court, upon finding a violation of probation, to select from the panoply of statutory dispositions available in a delinquency adjudication.

Significantly, Code § 16.1–291 further instructs that proceedings to revoke juvenile probation be "governed by the procedures, safeguards, rights and duties applicable to the *original proceedings.*" Code § 16.1–291 (emphasis added). Defendant, in support of his argument that the trial court erroneously admitted the hearsay testimony of Ms. Arnold and failed to require proof beyond a reasonable doubt of the alleged violations, construes "original proceedings" to reference the prior adjudication of delinquency on the criminal offense, unauthorized use. He, therefore, reasons that juvenile revocation proceedings must assure the "constitutional . . . 'essentials of due process and fair treatment,' " which "[s]pecifically" include "the right to confrontation and cross-examination of witnesses" and the requirement of proof beyond a reasonable doubt. *Lewis v. Commonwealth,* 214 Va. 150, 153, 198 S.E.2d 629, 631 (1973) (quoting *In re Gault,* 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527 (1967)); *see Commonwealth v. Chatman,* 260 Va. 562, 569, 538 S.E.2d 304, 306 (2000) (juvenile defendant entitled to due process protections afforded adults in criminal proceedings).

In response, the Commonwealth maintains that "original proceedings" contemplates the post-adjudicatory, dispositional phase in the criminal prosecution of a juvenile, a stage that allows hearsay without offending due process.[4] The Commonwealth thus concludes that such evidence, admissible in a disposition to probation, is equally admissible in determining a later violation of such probation. In dismissing the need for proof beyond a reasonable doubt, the Commonwealth relies upon the relaxed due process standards judicially countenanced in adult revocation proceedings. The Commonwealth's

---

4. A "social history" may be ordered and considered by the court in disposition of an adjudication of delinquency. *See* Code § 16.1–273. Such report "shall include a drug screening . . . and may include physical, mental and social conditions . . . and personality of the child and the facts and circumstances surrounding the violation of law." Code § 16.1–273(A). Additionally, the court may order and likewise consider a "victim impact statement."

argument, however, overlooks the substantial statutory differences between adult and juvenile revocation procedures.

In sentencing an adult offender, like disposition of a delinquency adjudication, the court may impose probation "under such conditions as the court shall determine." Code § 19.2–303. Thereafter, "[t]he court may, for any cause deemed by it sufficient which occurred at any time" during the period of probation, "revoke ... [such] probation." Code § 19.2–306. Also, not unlike juvenile revocation, an adult probation violation is "not itself a criminal conviction" but, rather, "an aspect of the sentencing process imposed upon a criminal conviction," a "continuation and part of the sentencing process." *Merritt v. Commonwealth,* 32 Va.App. 506, 509, 528 S.E.2d 743, 744 (2000) (emphasis added); *see* Code § 19.2–306. Thus, it is well established in our jurisprudence that adult revocation proceedings are "not a stage of criminal prosecution[,] ... a probationer is not entitled to the same protections afforded a defendant in a criminal prosecution" and "the process ... [allows] 'evidence ... that would not be admissible in an adversary criminal trial,'" including hearsay. *Davis v. Commonwealth,* 12 Va.App. 81, 84, 402 S.E.2d 684, 686 (1991) (citations omitted); *see Hess v. Commonwealth,* 17 Va.App. 738, 742, 441 S.E.2d 29, 32 (1994) ("a probation officer can, and frequently does, give hearsay evidence").

A determination to revoke adult probation in accordance with Code § 19.2–306 "lies in the discretion of the trial court." *Hamilton v. Commonwealth,* 217 Va. 325, 326, 228 S.E.2d 555, 556 (1976). Therefore, although revocation must be upon reasonable cause, an assessment of the sufficiency of the evidence to sustain an order is vested in the trial court, and proof beyond a reasonable doubt is not required. *Marshall v. Commonwealth,* 202 Va. 217, 220–21, 116 S.E.2d 270, 273–74 (1960).

In contrast, the juvenile revocation procedure prescribed by the General Assembly in Code § 16.1–291 specifically guarantees such probationer "the safeguards, rights and duties applicable to the original proceedings," assurances not

expressly afforded a similarly situated adult. The adjective "original," which modifies proceedings, is defined, "of, relating to, or constituting an origin or beginning." *Webster's Ninth New Collegiate Dictionary* 832 (9th ed.1983). In divining legislative intent, "we must assume that 'the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.'" *City of Virginia Beach v. ESG Enters., Inc.*, 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (citation omitted). "Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." *Woolfolk v. Commonwealth*, 18 Va.App. 840, 847, 447 S.E.2d 530, 533 (1994). Further, "we may determine the intent of the legislature from a comparison of the statute's several parts *in pari materia*," a "rule of statutory construction that statutes ... relating to the same subject 'should be read, construed and applied together....'" *Hanson v. Commonwealth*, 29 Va.App. 69, 77, 509 S.E.2d 543, 547 (1999) (citations omitted).

Thus, by referencing the "original proceedings" to prescribe the "safeguards, rights and duties" guaranteed a juvenile confronting revocation of probation pursuant to Code § 16.1–291, the legislature clearly looked to the "origin or beginning" of the relevant prosecution, clearly the adjudicatory phase. Such interpretation is further manifested by the incorporation into Code § 16.1–291 of those adjudicatory procedures specified in Code §§ 16.1–260 and –262. Therefore, presumably "with full knowledge of the law as it affected the subject matter," *Broadnax v. Commonwealth*, 24 Va.App. 808, 814–15, 485 S.E.2d 666, 669 (1997), the legislature deliberately extended the due process protections assured to juvenile offenders at the adjudicatory phase of a criminal prosecution to subsequent proceedings to revoke probation.

Accordingly, the hearsay testimony of Ms. Arnold, relied upon by the Commonwealth to establish violation by defendant of several terms and conditions of the subject probation, was erroneously received into evidence and consid-

ered by the court. Further, the court incorrectly failed to require proof beyond a reasonable doubt to establish the allegations.

We, therefore, reverse the trial court and remand for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*