COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Humphreys
Argued at Alexandria, Virginia


JOSEPH DONALD THORPE, JR.

                                    MEMORANDUM OPINION* BY
v.    Record No. 1623-00-4          JUDGE ROBERT J. HUMPHREYS
                                       FEBRUARY 19, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                  Carleton Penn, Judge Designate

            Joseph R. Winston, Special Appellate Counsel
            (Public Defender Commission, on brief), for
            appellant.

            Robert H. Anderson, III, Senior Assistant
            Attorney General (Mark L. Earley, Attorney
            General, on brief), for appellee.


     Joseph Donald Thorpe, Jr. appeals an order of the trial

court which revoked his suspended sentence and probation, and

sentenced him to six months in jail.  Thorpe contends that the

court erred in finding he had violated the terms of his

probation.  For the reasons that follow, we affirm.

     On June 21, 1996, Thorpe entered into a plea agreement

wherein he agreed to plead guilty to operating a motor vehicle

after having been declared an habitual offender and felonious

failure to appear.  By way of the plea agreement, Thorpe also

stipulated that he had violated the terms of the probation he

─────────────

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

had been placed on in 1993, following his conviction for another offense.  In exchange, the Commonwealth agreed to recommend the imposition of the 1993 sentence, in addition to a sentence of five years, with three years suspended on the habitual offender charge, and a suspended three-year sentence on the charge of failure to appear.  Both parties agreed that upon Thorpe's release under these terms, he would be placed on supervised probation for five years "upon the usual terms and conditions, including that he be of good behavior and violate no laws of the Commonwealth . . . ."

Thorpe was sentenced on August 15, 1996, and an order of final judgment, amended on December 2, 1996, was entered to reflect the terms of the plea agreement, including the provision that Thorpe would be placed on supervised probation for a period of five years following his release from prison.

Thorpe was ultimately released from prison and began supervised probation on July 6, 1999.  On that date, Thorpe met with his probation officer and signed a written list of the conditions of his probation.  The relevant conditions are set forth below:

> Condition #6:  I will follow the Probation and Parole Officer's instructions and be truthful and cooperative.
>
> Condition #7:  I will not use any alcoholic beverages to the extent that it disrupts or interferes with my employment or orderly conduct.

-

On December 20, 1999, Thorpe reported to his appointment with his probation officer, Thomas Quinn, demonstrating evidence of "excessive alcohol use."  Quinn gave Thorpe a breathalyzer test which disclosed that Thorpe had a blood alcohol content of 0.15%.  At that time, Quinn verbally advised Thorpe to "remain alcohol free."  Nevertheless, Thorpe registered a blood alcohol level of 0.068% during an unscheduled home visit by Quinn on March 21, 2000.

Accordingly, on March 23, 2000, Quinn filed a Report of Probation Violations with the court, recommending that the court schedule a show cause hearing.  The report set forth the circumstances described above, in addition to Thorpe's continued failure to attend counseling sessions at the Fauquier Family Guidance Center's Intensive Outpatient Program, despite Quinn's instruction that he complete the program.

At the show cause hearing, the Commonwealth introduced Quinn's report and then rested.  Thorpe raised no objection to the introduction of the report.  In his case-in-chief, Thorpe conceded that on December 20, 1999 his blood alcohol level had tested as reported by Quinn.  Thorpe also agreed that Quinn told him, "I think you are drinking too much and I want you to lay off it for a while [sic].  If you don't, I am going to have to violate you."  However, Thorpe testified that he had indeed consumed alcohol prior to having been administered the breathalyzer test on March 21, 2000.  Finally, Thorpe stated

-

that he had missed sessions of the outpatient program, but explained that he had missed the sessions due to conflicts with his work schedule. Thorpe claimed he had resolved the issue of his absences with the therapists in charge of the outpatient program.

In closing argument, Thorpe contended that since Quinn had not put his statement to Thorpe regarding consumption of alcohol in writing, he perceived it as merely a "suggestion." Thus, he argued he had not violated the actual written conditions of his probation.

In reaching its decision, the trial court noted:

> not only the violation alluded to of the
> 0.068 [sic] which show[ed] that [Thorpe was]
> drinking alcohol, but the Court is more
> concerned with a 0.15 [sic] which is about
> twice the legal limit.

Accordingly, the trial court found Thorpe had violated the terms of his probation and ordered him to serve six months of his remaining sentence.

On appeal, Thorpe claims that the "rule should have been dismissed," contending that the trial court erred in allowing the Commonwealth to introduce Quinn's report, which he claims is inadmissible hearsay, violating his right to due process. Thorpe also contends that "simple fairness would seem to dictate that any material modification of the written conditions [of probation] be in writing." Finally, Thorpe argues that the Commonwealth failed to present any evidence which proved his

-

consumption of alcohol on December 20, 1999 and March 21, 2000 "interfere[d] with [his] employment or orderly conduct."

We note first that pursuant to Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  See Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991) (noting this procedural bar applies even to defendant's constitutional claims).  At the hearing, Thorpe failed to raise any objection to the admission of Quinn's report and, given our jurisprudence on this issue, and our review of the record, we find no reason to invoke the ends of justice exception to Rule 5A:18.[1]  Accordingly, we do not address this issue for purposes of appeal.

Next, we find no merit in Thorpe's argument concerning Quinn's failure to put his statements regarding Thorpe's consumption of alcohol in writing.  Thorpe has cited no authority requiring that such instructions be placed in writing. Instead, he argues that "simple fairness" would dictate that any

---

[1]  See Pannell v. Commonwealth, 34 Va. App. 287, 293, 540 S.E.2d 527, 530, aff'd on reh'g en banc, 35 Va. App. 643, 547 S.E.2d 529 (2001), (noting that adult revocation proceedings are not a stage of criminal prosecution; thus, the process allows evidence that would not be admissible in an adversary criminal trial); see also Hess v. Commonwealth, 17 Va. App. 738, 742, 441 S.E.2d 29, 32 (1994).

-

change in the written probation conditions be put in writing. However, we find no "material change" in the probation conditions as Thorpe suggests. Indeed, the written conditions of Thorpe's probation specifically required him to "follow the Probation and Parole Officer's instructions," and to be "cooperative." Thorpe conceded that Quinn told him to "lay off" the alcohol and that Quinn had told him if he failed to do so, Quinn would "violate [him]." We fail to see how this instruction changed the conditions of Quinn's probation; nor do we see how the instruction could have been made any clearer to Thorpe. Moreover, Thorpe's insistence that because the instruction was not put in writing it was merely a "suggestion," simply demonstrates his lack of willingness to cooperate with Quinn in carrying out the terms and conditions of his probation.

Finally, it is well settled that:

> "[w]hen considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. The . . . verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it."

Clarke v. Commonwealth, 32 Va. App. 286, 300, 527 S.E.2d 484, 491 (2000) (quoting Clark v. Commonwealth, 30 Va. App. 406, 409-10, 517 S.E.2d 260, 261 (1999)). "'If there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might

-

differ from the conclusions reached by the finder of fact at the trial.'" Id. (quoting Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998)).

So viewed, the evidence demonstrated that Thorpe clearly violated the written terms of his probation. Thorpe himself conceded that he failed to follow his "Probation and Parole Officer's instructions and be . . . cooperative" by consuming alcohol after having been told by Quinn to "lay off" the alcohol. Furthermore, Thorpe's blood alcohol level of 0.15% on December 20, 1999, when he reported to Quinn's office, would have been sufficient for a conviction of public intoxication under Code § 18.2-388. Thus, Thorpe also violated his agreement to "be of good behavior and violate no laws of the Commonwealth." Accordingly, Thorpe's argument that the evidence was insufficient to establish he consumed alcohol in a manner which would "disrupt or interfere with his employment or orderly conduct," is of no consequence and we, therefore, affirm the judgment of the trial court.

Affirmed.

-