Present:  All the Justices

COMMONWEALTH OF VIRGINIA

v.  Record No. 011570    OPINION BY JUSTICE ELIZABETH B. LACY
                                    April 19, 2002
DANZELL PANNELL

FROM THE COURT OF APPEALS OF VIRGINIA

The dispositive issue in this appeal is whether the use of the term "original proceedings" formerly contained in Code § 16.1-291 refers to the adjudicatory or dispositional phase of a juvenile proceeding.[*]

In 1997, Danzell Pannell pled guilty to a charge of unauthorized use of an automobile in the City of Alexandria Juvenile and Domestic Relations District Court and was placed on probation.  Two years later, in 1999, the juvenile court found that Pannell had violated the conditions of his probation and revoked his probation.  Pannell appealed the juvenile court judgment to the circuit court, arguing that former Code § 16.1-291 required the exclusion of hearsay evidence and use of a reasonable doubt standard when determining whether he violated the terms of his probation. The circuit court rejected Pannell's arguments, found him in violation of the terms of his probation, and committed him to

_____

[*] Code § 16.1-291(A) was amended in 2001 and the sentence at issue in this case was deleted.

the custody of the Department of Juvenile Justice for an indeterminate period.

On appeal, the Court of Appeals, en banc, reversed the judgment of the trial court, holding that former Code § 16.1-291 prohibited the admission of hearsay testimony in a probation revocation proceeding and required that the violations of probation be proven beyond a reasonable doubt. Pannell v. Commonwealth, 34 Va. App. 287, 294-95, 540 S.E.2d 527, 531, aff'd en banc, 35 Va. App. 643, 547 S.E.2d 529 (2001). We awarded the Commonwealth an appeal.

In 1999, Code § 16.1-291(A) included the following sentence:

> Proceedings to revoke or modify probation, protective supervision or parole shall be governed by the procedures, safeguards, rights and duties applicable to the original proceedings.

Relying on the dictionary or ordinary meaning of the phrase "original proceedings," the Court of Appeals concluded that the phrase referred to the "'origin or beginning' of the relevant prosecution, clearly the adjudicatory phase." Pannell, 34 Va. App. at 294, 540 S.E.2d at 531. The Court of Appeals, however, construed the phrase "original proceedings" out of context. Code § 16.1-291 addresses the procedures applicable to revocation or modification of probation and protective supervision. Probation and protective supervision

2

are dispositions available to the court after the adjudication stage of the juvenile proceeding. Accordingly, the original proceedings referred to are not the original adjudicatory proceedings in the prosecution, but the original dispositional proceedings.

None of Pannell's alternative arguments offered in support of the result reached by the Court of Appeals are persuasive. There is no constitutional requirement that a court apply a reasonable doubt standard or exclude hearsay evidence in an adult probation revocation proceeding, Gagnon v. Scarpelli, 411 U.S. 778, 782, 789 (1973) (applying the due process protections established in Morrissey v. Brewer, 408 U.S. 471 (1972), to probation revocation proceedings), nor are such standards required in juvenile proceedings. While Pannell argues that imposing such due process protections in the juvenile context would have been reasonable, it is equally reasonable to assume that the General Assembly intended that such protections were not required in juvenile probation revocation proceedings just as they were not required in adult probation revocation proceedings. Finally, the General Assembly's elimination of the sentence at issue as part of the 2001 amendments to Code § 16.1-291, does not require a finding that the General Assembly's action was undertaken to alter the meaning of the phrase "original proceedings."

For the above reasons, the judgment of the Court of Appeals will be reversed and the judgment of the circuit court reinstated.

<u>Reversed and reinstated.</u>