Norfolk

JAMES LEE HOOKER

v.

COMMONWEALTH OF VIRGINIA

No. 1272-91-1

Decided May 19, 1992

COUNSEL

Charles E. Vogan, Jr., for appellant.

Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—Appealing from a conviction for a third offense of petit larceny, James Lee Hooker, the defendant, contends that certain testimony should not have been admitted because it was hearsay. The Commonwealth asserts that the testimony was admissible under the business records and the official documents exceptions to the hearsay rule, but that, if it was not admissible, its admission was harmless. We conclude that a proper foundation for the admission of the testimony was not laid and that, although part of the testimony was harmless, the remainder of it was not harmless. Accordingly, we reverse.

The offense arose from the theft of merchandise. Three employees of a store testified that they saw the defendant take merchandise from the store without paying for it. In addition, copies of two judgments of conviction, establishing that a person named James Lee Hooker had previously been convicted of petit larceny, were introduced into evidence.

The Commonwealth attempted, through a detective's testimony, to link this defendant with the James Lee Hooker previously convicted of petit larceny. The detective who had investigated the incident testified that the name of the person who had stolen the merchandise had been given to him by the store's security guard and that "[t]he name on the police report was given to me as a James Lee Hooker." The detective also testified that he used this

name to search the police department's computer database and retrieved information indicating that a person named James Lee Hooker previously had been convicted of two prior offenses of petit larceny. The defendant objected to the admissibility of the name from the report and the admissibility of the information from the police department computer database on the ground that the police officer's testimony was hearsay. However, the trial court allowed the testimony into evidence, and the defendant was convicted.

■ The Commonwealth argues that the detective's testimony regarding the security guard's report and the information in the computer database was admissible under the "business records" exception or the "official documents" exception to the hearsay rule. The business records exception allows introduction into evidence of regular business entries of persons, other than the parties, where the entrant is unavailable to testify at trial and where the trustworthiness of the entries is established by showing the regularity of preparation of the records and the fact that they are relied upon in the transaction of business by those for whom they are kept. *Tickel v. Commonwealth*, 11 Va. App. 558, 565, 400 S.E.2d 534, 538 (1991). The official records exception allows the admission of certain official public documents, without the necessity of producing the record keeper, so long as the keeper or entrant had personal knowledge contained in those records and could be called to testify regarding them. *Id.* at 565-68, 400 S.E.2d at 539-40; Code § 8.01-390.[1]

In this case, no foundation was laid for admitting either the report or the computer information under the business records exception or the official records exception to the hearsay rule. No evidence of the regularity of the preparation of the report or the computer data was presented. No evidence showed the extent to

---

[1] Typically, the "business records" and the official records exception apply to written hearsay. *See, e.g., "Automatic" Sprinkler Corp. v. Coley & Petersen, Inc.*, 219 Va. 781, 792, 250 S.E.2d 765, 773 (1979); *Tickel*, 11 Va. App. at 565, 400 S.E.2d at 538; *see also* Charles E. Friend, *The Law of Evidence in Virginia*, § 227 (2d ed. 1988). However, on two occasions, the "business records" exception has been relied upon to allow testimony based upon records or documents. *Simpson v. Commonwealth*, 227 Va. 557, 566-67, 318 S.E.2d 386, 392 (1984) (testimony describing contemporaneous recordings of a cab's meter readings); *Ashley v. Commonwealth*, 220 Va. 705, 708, 261 S.E.2d 323, 325 (1980) (testimony from a report describing value of stolen goods). We need not address this question because we conclude that the exceptions were otherwise not applicable.

which either was relied upon in the transaction of business by those for whom these records are kept. Neither the report nor the computer data was shown to be an official public document. Without a proper foundation for their admissibility, neither the report nor the computer information was admissible into evidence as an exception to the hearsay rule.

■ The erroneous admission of the name contained in the police report which had been obtained from the security guard was not harmless. An error is harmless only when it plainly appears from the record and the evidence that the error has not affected the verdict. *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991). Whether an error does not affect the verdict must be determined "without usurping the jury's fact finding function." *Id.* Unless a curative instruction has been given, an "error is presumed to be prejudicial 'unless it plainly appears that it could not have affected the result.' " *Id.* at 1008, 407 S.E.2d at 913. It does not plainly appear from the record that the erroneous admission of the name contained in the police report did not affect the verdict.

The Commonwealth contends that the erroneous admission of the name was harmless because other evidence established that the defendant's name was James Lee Hooker. The Commonwealth argues that the defendant was arraigned as James Lee Hooker, that the clerk of the court referred to the defendant as James Lee Hooker in the presence of the jury, that defense counsel on two occasions during questioning of witnesses mentioned the defendant as James Lee Hooker, and that witnesses referred to the defendant as "Mr. Hooker." Only the witnesses' references were evidence, and they were inconclusive because they did not describe his full name.

■ Erroneously admitted evidence may be harmless when it tends to prove an undisputed fact that is also proven by other independently derived evidence.[2] *See Hopkins v. Commonwealth*, 230 Va. 280, 286, 337 S.E.2d 264, 268-69 (1985), *cert. denied*,

---

[2] The Commonwealth does not contend that the error was harmless because the other evidence of guilt was so overwhelming and the error so insignificant by comparison that the error could not have affected the verdict. *See Hanson v. Commonwealth*, 14 Va. App. 173, 189, 416 S.E.2d 14, 24 (1992) (error inconsequential in comparison to uncontradicted evidence of guilt rebutted only by inherently incredible testimony of defendant).

475 U.S. 1098 (1986); *Schindel v. Commonwealth*, 219 Va. 814, 817, 252 S.E.2d 302, 304 (1979); *see also* Martha A. Field, *Assessing the Harmlessness of Federal Constitutional Error—A Process in Need of a Rationale*, 125 U. Pa. L. Rev. 15, 55 (1976).[3] Other evidence of a disputed fact, standing alone, does not establish that an error is harmless. If so, a harmless error analysis would be simply a sufficiency of the evidence analysis.

Whether the defendant was James Lee Hooker was an issue in dispute. The only evidence that established his identity, other than the erroneously admitted report, was the name by which witnesses referred to him and that testimony was inconclusive. The defendant moved to strike the evidence because the Commonwealth had not proved that the defendant had previously been convicted of petit larceny. The jury interrupted its deliberations to ask the trial court: "How did the security officer get the name of the defendant, and what happened to the merchandise?" Thus, even if the erroneously admitted evidence was cumulative of other evidence, the fact it tended to prove was genuinely in dispute, and, therefore, we are unable to conclude that it did not affect the verdict.

On the other hand, evidence that a person named James Lee Hooker had previously been convicted of two offenses of petit larceny was not in dispute. Properly authenticated copies of the orders were introduced and this fact was not disputed by the defendant. Consequently, evidence from the computer database to the same effect, although erroneously admitted, was merely cumulative and could not have affected the verdict.

Because we conclude, however, that evidence of the report identifying the defendant as James Lee Hooker was erroneously admitted and may have affected the verdict, its admission was not harmless. Therefore, we must reverse the defendant's conviction and remand this proceeding for a new trial.

*Reversed and remanded.*

Benton, J., and Moon, J., concurred.

---

[3] Because of the facts of this case, we need not resolve whether for all cases the evidence must only be undisputed. *Compare* Field pp. 44-54 *with* J. Traynor, *The Riddle of Harmless Error* 6 (1970).