**Alexandria**

LEON PAT FERGUSON

v.

COMMONWEALTH OF VIRGINIA

No. 2013-91-4

Decided March 2, 1993

COUNSEL

R. Ramsey Maupin, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from convictions of capital murder, three counts of robbery, two counts of abduction and other offenses arising out of a bank robbery.[1] We conclude that evidence of an accomplice's out-of-court statement was inadmissible, but its admission was harmless because it was merely cumulative of other, undisputed evidence.

Three witnesses identified the defendant at trial as one of two black males who robbed the bank. They identified the other, the shorter of the two men, as Ernest Russell, the declarant of the hearsay statement involved in this appeal. Photographs of the men, taken by the bank's cameras that were activated when the men entered the bank, were introduced into evidence but did not reveal the men's faces. Handcuffs used by the robbers to confine a witness in the bank contained a fingerprint identified by experts as coming from the defendant's left ring finger.

---

[1] This appeal was previously dismissed for failure to timely file a transcript indispensable to a resolution of the issue raised. *Ferguson v. Commonwealth*, 10 Va. App. 189, 390 S.E.2d 782, *aff'd in part, rev'd in part*, 240 Va. ix, 396 S.E.2d 675 (1990). The Supreme Court, upon a petition for a Writ of Habeas Corpus, granted a late appeal.

At trial, it was undisputed that Ernest Russell was one of the two robbers. A revolver, two pairs of light-colored surgical gloves, and a portion of a lady's stocking were seized from Russell's home and were identified by a witness as similar to the ones used by the robbers. Bullets taken from the body of a man murdered by the robbers during the robbery were consistent with those test fired from the gun found in Russell's home.

Russell's girlfriend testified that on the day of the robbery, Russell admitted to her that "he had to kill somebody." This testimony followed shortly after the defendant's counsel had objected to the admission of "any conversations between" Russell and his girlfriend. The trial court overruled the objection because of the Commonwealth's attorney's assertion that the statements made by Russell were contrary to his penal interest and, therefore, were admissible under an exception to the hearsay rule. This objection was sufficiently contemporaneous with the court's ruling to make known to the court the defendant's objection to the proposed admission of this testimony. Therefore, the issue of the admissibility of the testimony was preserved for appeal. *See* Code § 8.01-384; Rule 5A:18; *Campbell v. Commonwealth*, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc).

A statement that is against the penal interest of the declarant at the time it is made is admissible as a "declaration against interest" exception to the hearsay prohibition. *Morris v. Commonwealth*, 229 Va. 145, 147, 326 S.E.2d 693, 694 (1985). However, before such a statement is admitted, the party offering it must prove that the declarant is unavailable to testify at trial. *Yellow Cab Co. v. Eden*, 178 Va. 325, 336, 16 S.E.2d 625, 628 (1941); *Scaggs v. Commonwealth*, 5 Va. App. 1, 5, 359 S.E.2d 830, 832 (1987); *see also* Charles E. Friend, *The Law of Evidence in Virginia* § 234 (3d ed. 1988).

Even though Russell's statement was against his penal interest and, thus, passed the threshold test for admissibility, the Commonwealth did not demonstrate that Russell was unavailable to testify at trial. His statement was, therefore, inadmissible, and the trial court erred in admitting it.

The error, being non-constitutional in nature, was harmless, however, if " 'it plainly appears from the record and the evidence given at the trial that' the error did not affect the verdict." *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). The Attorney General argues that this error did not affect

the verdict because the evidence of the defendant's guilt was overwhelming.

■ An error may be harmless because other evidence of guilt is "so overwhelming and the error so insignificant by comparison that the error could not have affected the verdict." *Hooker v. Commonwealth*, 14 Va. App. 454, 458 n.2, 418 S.E.2d 343, 345 n.2 (1992); *see also Hanson v. Commonwealth*, 14 Va. App. 173, 189-90, 416 S.E.2d 14, 24 (1992) (error inconsequential in comparison to uncontradicted evidence of guilt rebutted only by inherently incredible testimony of defendant).

The defendant offered evidence that he was at work at the time of the robbery and that the police had evidence implicating someone else. His employer testified that the defendant, his only employee, was working with him on the day of the robbery during the hours it occurred. His pay records verified his testimony. In addition, evidence showed that the police seized a jacket like that the robber was wearing from the home of another person in New York.

The evidence of the defendant's guilt, though strong, was rebutted. The jury could have found the defendant guilty only if they believed the Commonwealth's evidence and disbelieved the defendant's evidence. If, on the other hand, they believed the defendant's evidence or could not decide which version of the evidence to believe, the jury would have had to acquit him. Therefore, the evidence of the defendant's guilt was not so overwhelming that we can resolve this conflict in the evidence "without usurping the jury's fact-finding function." *Lavinder*, 12 Va. App. at 1005, 407 S.E.2d at 911. Consequently, we cannot conclude that evidence of the defendant's guilt was overwhelming.

However, even if the evidence of the defendant's guilt is not overwhelming, if the evidence admitted in error was merely cumulative of other, undisputed evidence, we may still conclude that the error did not affect the verdict. *Hooker*, 14 Va. App. at 457-58, 418 S.E.2d at 345 (erroneously admitted evidence tending to prove an undisputed fact harmless if fact proven by other independently derived evidence); *see also Phoung v. Commonwealth*, 15 Va. App. 457, 466, 424 S.E.2d 712, 716-17 (1992) (erroneous instruction addressing issue not in dispute is harmless).

Russell's admission to his girlfriend that "he had to kill someone" tended to prove only that Russell was one of the two bank robbers, a fact that was not in dispute. The other, undisputed evidence of Russell's participation in the robbery — the revolver, the surgical gloves, the lady's stocking, that were seized in his home, and other circumstantial evidence — was derived from means totally independent of Russell's admission to his girlfriend.

Proof of Russell's participation in the robbery tended, because of other evidence, to implicate the defendant. Evidence was introduced that the defendant was with Russell on the same day and near the time of the robbery. One witness placed the defendant at Russell's home at approximately the same time Russell admitted his involvement to his girlfriend, though the girlfriend did not place the defendant with him at the time of the admission. Thus, evidence of Russell's guilt indirectly implicated the defendant. Nevertheless, the defendant did not dispute Russell's involvement in the robbery.

Similarly, on cross-examination, Russell's girlfriend acknowledged that she originally told the police that Russell had told her that *they* had to kill somebody." (emphasis added). The use of "they" (plural), rather than "he" (singular), implicated a second person, not necessarily the defendant, in the robbery, a fact also not disputed by the defendant. Furthermore, although Russell's guilt was not disputed, evidence may have been available to have disputed it.

█ The harmless error rule, a pragmatic tool of judicial review, eschews the ideal. Legislatively shaped to assure "a fair trial on the merits," Code § 8.01-678, it concedes that no trial is perfect. *Lavinder*, 12 Va. App. at 1009, 407 S.E.2d at 913. The rule promotes finality in litigation once "substantial justice has been reached." Code § 8.01-678. Thus, a litigant, having chosen not to dispute a factual assertion at trial, may not relitigate that fact because of error in proving it, if proven by other evidence untainted by the error. *See Hopkins v. Commonwealth*, 230 Va. 280, 287, 337 S.E.2d 264, 268 (1985), *cert. denied*, 475 U.S. 1098 (1986); *see also Phoung*, 15 Va. App. at 465-66, 424 S.E.2d at 716-17; *Hooker*, 14 Va. App. at 458 n.3, 418 S.E.2d at 345 n.3; *contra* Martha A. Field, *Assessing the Harmlessness of Federal Constitutional Error — A Process in Need of a Rationale*, 125 U. Pa. L. Rev. 15, 55 (1976). Likewise, in this case, the defendant may not now seek to relitigate the truth of a fact he chose not to contest at trial.

■ The term "harmless" in the context of the harmless error rule does not necessarily mean error free of prejudice. An error may relate to the proof of an essential element of the Commonwealth's case against an accused and, thus, be prejudicial to the accused; however, if the accused does not dispute the proof of the fact involved, the error may be harmless. *Hopkins*, 230 Va. at 287, 337 S.E.2d at 268. Consequently, even though the erroneously admitted evidence tended to prove that Russell and one other person were involved in the robbery and these facts, in turn, through other evidence, tended to implicate the defendant, the defendant did not dispute these facts; for this reason, the error in admitting the evidence was harmless.

In summary, Russell's out-of-court declaration, although against his penal interest, was inadmissible because Russell was not shown to have been unavailable. However, this error, although timely objected to by the defendant, tended only to prove an undisputed fact, also independently proven by other evidence, and, thus, was harmless. The judgments of conviction are, therefore, affirmed.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.