COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


SCOTT M. WHITE, S/K/A
 SCOTT MATTHEW WHITE
                                       MEMORANDUM OPINION[*] BY
v.   Record No. 2991-98-3             JUDGE SAM W. COLEMAN III
                                          FEBRUARY 15, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                    George E. Honts, III, Judge

        Paul Joseph Duggan for appellant.

        (Mark L. Earley, Attorney General;
        H. Elizabeth Shaffer, Assistant Attorney
        General, on brief), for appellee.  Appellee
        submitting on brief.


     Scott M. White was convicted in a bench trial of operating a

motor vehicle in excess of the posted speed limit in violation of

Code § 46.2-870.  On appeal, White argues that the trial court

erred by denying his motion to suppress the evidence of his speed

and erred by admitting documentary evidence without requiring it

to be authenticated.  He also argues that the evidence was

insufficient to support the conviction.  For the following

reasons, we affirm.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

On July 4, 1998, White was operating his vehicle on Interstate 81 in Rockbridge County. He was stopped by Trooper Walt Baker and was issued a summons for traveling seventy-eight miles per hour in a sixty-five miles per hour zone.

At trial, Baker testified that he was operating a stationary radar device on Interstate 81 in Rockbridge County. Baker testified that, after he visually suspected White was exceeding the speed limit, he released the "hold" button on his radar. White's vehicle was the only vehicle in the radar beam at the time. The vehicle's speed registered at seventy-eight miles per hour.

Baker testified that he performed multiple tests on the radar device before and after his shift to ensure the device's accuracy. He performed preprogrammed checks of the device's internal calibrations and field tests of the device using tuning forks both while the patrol vehicle was stationary and while it was moving, and a separate test against the patrol vehicle's speedometer. Baker testified that the radar device registered accurately during all of these tests.

A certificate of the patrol vehicle's speedometer calibration revealed that at speeds of fifty-five to sixty-five miles per hour there was a one mile per hour discrepancy between the speedometer and the radar device. The discrepancy, however, did not exist at

other speeds.  Baker testified that police department policy permits a two-mile-per-hour margin of error in the patrol vehicle's speedometer before it must be recalibrated.  A certificate verifying the accuracy of the tuning forks was not proffered by the Commonwealth.

ANALYSIS

A.  Motion to Suppress

White argues that the stop of his vehicle violated his Fourth Amendment rights against unreasonable seizures.  He argues that Baker was unable to rely on the radar device's measure of speed as justification for the stop because the radar device used to measure his speed was inaccurate and improperly tested.  White asserts that without the radar device's measure of speed, Baker had no probable cause or reasonable suspicion for which to stop him and, therefore, the trial court erred by denying his motion to suppress the evidence of his speed.

When we review a trial court's denial of a motion to suppress, "[w]e view the evidence in a light most favorable to . . . the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence."  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  In our review, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to

support them." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). We consider de novo whether those facts implicate the Fourth Amendment and, if so, whether the officer unlawfully infringed upon an area protected by the Fourth Amendment. See id.

"'[W]hen the police stop a motor vehicle and detain an occupant, this constitutes a 'seizure' of the person for Fourth Amendment purposes.'" Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (en banc) (quoting Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988)). "In order to justify an investigatory stop of a vehicle, the officer must have some reasonable, articulable suspicion that the vehicle or its occupants are involved in, or have recently been involved in, some form of criminal activity." Logan, 19 Va. App. at 441, 452 S.E.2d at 367. "To determine whether an officer has articulated a reasonable basis to suspect criminal activity, a court must consider the totality of the circumstances, including the officer's knowledge, training, and experience." Freeman v. Commonwealth, 20 Va. App. 658, 661, 460 S.E.2d 261, 262 (1995) (citation omitted).

Here, as White's vehicle approached, Baker suspected, based on his experience, that it was exceeding the speed limit. Baker engaged the radar device, which he had previously tested for

accuracy.  The radar device revealed that White was traveling thirteen miles per hour above the posted speed limit.  Based upon the results of the radar device, Baker had probable cause to believe that White was committing a traffic violation.  Therefore, Baker was justified in stopping White and charging him with speeding.  Accordingly, the trial court did not err by denying White's motion to suppress.

### B.  Admission of Documentary Evidence

White argues that the Commonwealth failed to prove that the radar device used by Baker met or exceeded the standards established by the Division of Purchases and Supply (DPS) as provided by Code §§ 46.2-882 and 2.1-446.  White also argues that the trial court erred by admitting a memorandum from DPS regarding traffic radar equipment because the document was incomplete and unauthenticated.  The radar results of a machine that has been calibrated are entitled by statute to a presumption of correctness and are admissible regardless of whether the Commonwealth proves that the specific machine met or exceeded the standards established by DPS.  Accepting for purposes of this appeal that the trial court erred by admitting into evidence the unauthenticated letter from DPS, the admission of the letter into evidence was harmless error.

Baker testified that the radar device was issued to him by the Department of State Police for use in his patrol car.  The

Commonwealth introduced a letter from the DPS which indicated that the radar device used by Baker was approved for use in determining speed of motor vehicles. The letter was addressed to "Police Chiefs, Sheriffs and Law Enforcement Authorities in the Commonwealth of Virginia." The letter was dated and notarized on December 30, 1996. The Commonwealth, however, only introduced a photocopy of the letter and failed to authenticate the document as either an official written document or as a business record.

The trial court admitted the document as a business record.

> The business records exception allows the introduction into evidence of regular business entries of persons, other than the parties, where the entrant is unavailable to testify at trial and the trustworthiness of the entries are established by showing the regularity of preparation of the records and the fact that they are relied upon in the transaction of business by those for whom they are kept.

Hooker v. Commonwealth, 14 Va. App. 454, 456, 418 S.E.2d 343, 344 (1992).

The Commonwealth argues that the letter from DPS was admissible under the "official records" exception. This exception "allows the admission of certain official public documents, without the necessity of producing the record keeper, so long as the keeper or entrant had personal knowledge contained in those records and could be called to testify regarding them." Id. at 456, 418 S.E.2d at 344; see also Code § 8.01-390. "It is a generally recognized rule that records and reports prepared by

- 6 -

public officials pursuant to a duty imposed by statute, or required by the nature of their offices, are admissible as proof of the facts stated therein." Williams v. Commonwealth, 213 Va. 45, 46, 189 S.E.2d 378, 379 (1972). Code § 8.01-390 has codified the official recorded document exception to the hearsay rule and provides that copies of the record shall be received as prima facie evidence "provided that such copies are authenticated to be true copies both by the custodian thereof and by the person to whom the custodian reports." Id.

Here, no foundation was laid for admitting the letter from DPS under the business records exception or the official records exception to the hearsay rule. No evidence of the regularity of the preparation of the letter was presented. Further, the letter was not shown to be an official public document. Without a proper foundation for its admissibility, the letter was inadmissible into evidence as an exception to the hearsay rule.

Even though the trial court erred by admitting the document, we find the error was harmless. See Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). The letter from DPS to the chief law enforcement officers that the device had been approved by DPS for determining speed was not essential to the Commonwealth's proof. The result of the use of certain radar devices as specified by statute is prima facie evidence of a vehicle's speed. See Code § 46.2-882. The prima

- 7 -

facie evidence may be rebutted by showing that the radar device is not an approved device. See Scafetta v. Arlington County, 13 Va. App. 646, 649, 414 S.E.2d 438, 440, aff'd on reh'g, 14 Va. App. 834, 425 S.E.2d 807 (1992). White failed to rebut the prima facie proof that he was exceeding the speed limit or to rebut that the radar device was approved. Accordingly, the trial court's error in admitting the document was harmless.

### C. Sufficiency

White also argues the evidence is insufficient to support his conviction because the Commonwealth failed to prove the accuracy of the radar device used to record his speed.

On review, we view the evidence in the light most favorable to the prevailing party and grant to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986).

Code § 46.2-882 provides that the speed of a motor vehicle may be checked by radar or other specified speed detection devices. "The results of such determinations shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal proceeding where the speed of the motor vehicle is

at issue." Code § 46.2-882; see also Gray v. Commonwealth, 18 Va. App. 663, 666, 446 S.E.2d 480, 482 (1994). Where a question arises about the calibration or accuracy of the radar device, a certificate "showing the calibration or accuracy of the speedometer of any vehicle or of any tuning fork employed in calibrating or testing the device . . . shall be admissible as evidence of the facts therein stated." Code § 46.2-882. The statute, therefore, provides that the calibration and accuracy of the radar device may be shown by either a tuning fork or speedometer test. See Gray, 18 Va. App. at 667, 446 S.E.2d at 483.

Here, the evidence proved that Baker performed both the tuning fork and speedometer tests on the radar device. Although the Commonwealth failed to introduce evidence that the tuning forks were accurately calibrated, the Commonwealth introduced the calibration certificate for the patrol vehicle's speedometer. The calibration certificate indicated that the vehicle's speedometer had been calibrated within six months of the offense and was accurate at the speed at which White was charged. We find that the evidence proved the accuracy of the radar and of the radar results and, thus, was sufficient to support the conviction.

Accordingly, we affirm.

Affirmed.