COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Elder, Frank and Petty
Argued at Salem, Virginia


PHILIP C. BARKER

MEMORANDUM OPINION[*] BY
v.        Record No. 1802-12-3            JUDGE LARRY G. ELDER
                                          MAY 28, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
Larry B. Kirksey, Judge Designate

Joshua S. Cumbow (Johnson & Cumbow, on briefs), for appellant.

David M. Uberman, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


     Philip C. Barker (appellant) appeals from his jury trial convictions for one count of taking

indecent liberties with a minor in violation of Code § 18.2-380 and three counts of aggravated

sexual battery in violation of Code § 18.2-67.3.  On appeal, he contends the trial court erred in

admitting evidence of hearsay statements the victim made to a third party.  We hold that, to the

extent appellant preserved the various aspects of his assignment of error for appeal, no reversible

error occurred.  Thus, we affirm his convictions.

I.  BACKGROUND

     On August 17, 2011, victim M.D., who was then eleven years old, reported to an adult

church volunteer, Janet Phipps, that appellant had sexually abused her over a period of time.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant was M.D.'s neighbor when the abuse began, and he later became her stepfather.[1]

After M.D. reported the abuse to Phipps while at church, Phipps approached another adult

volunteer, Elizabeth Burley, and M.D. also told Burley about the abuse. Burley and her husband,

with whom the victim and her younger sister had come to church, called the authorities. The

convictions at issue in this appeal resulted from the ensuing police investigation.

## II. ANALYSIS

On appeal, appellant poses two different challenges to portions of the evidence the

Commonwealth offered through witness Phipps, contending they fail to meet the admissibility

requirements of Code § 19.2-268.2's recent complaint exception to the hearsay rule.[2] First, he

contends Phipps' testimony about what the victim said failed to meet the foundational

requirement that the victim's complaint was recently made. Second, he contends three

categories of statements were inadmissible because they were not corroborative of the complaint

of sexual assault. The three statements or groups of statements appellant challenges are

(a) M.D.'s statement that she was afraid she would be raped (hereinafter the fear statement);

(b) M.D.'s statement that she was praying for "God to take the pain away from her" (hereinafter

the prayer statement); and (c) M.D.'s statements alleging specific instances of touching—that

appellant would "lick [her] private" and "suck [her] boobs"—as well as "the other specific

contents of the conversation, including how Phipps questioned [M.D.] to get more information"

(hereinafter the details statements).

---

[1] M.D. and appellant testified this was a "marriage of convenience," which M.D.'s mother entered into so that M.D. and her sister would not be taken by the Department of Social Services when M.D.'s mother was incarcerated as a result of her substance abuse problem.

[2] This exception is now also embodied in Virginia Rule of Evidence 2:803(23), which took effect after these proceedings.

The Commonwealth contends appellant failed to preserve for appeal his arguments regarding the recency of the complaint and the admission of the details statements. The Commonwealth further contends appellant's arguments regarding the fear and prayer statements lack merit. We agree.

## A. PRESERVATION FOR APPEAL

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of the rule is to allow the trial court, as well as the opposing party, "the opportunity to intelligently address, examine, and resolve issues in the trial court" in order to avoid unnecessary appeals and retrials. Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004).

At trial, one who opposes the admission of particular evidence on hearsay grounds generally has only the duty to object that the evidence is hearsay. See, e.g., Neal v. Commonwealth, 15 Va. App. 416, 420-22, 425 S.E.2d 521, 523-25 (1992). It then becomes the duty of the proponent of the evidence to establish its admissibility under an exception to the hearsay rule. Id.

However, where the trial court admits such evidence without an explanation, the opponent of the evidence, if he wishes to preserve his objection for appeal, must articulate the basis for his objection with specificity, just as he must to preserve any other type of objection for appeal. Rule 5A:18. "A litigant . . . cannot wait until after trial to present foundation evidence [or make argument] pertinent to a trial court's decision during trial to allow or exclude testimony." Roadcap v. Commonwealth, 50 Va. App. 732, 740 n.1, 653 S.E.2d 620, 624 n.1 (2007). Thus, particularly in a jury trial, "post-trial [filings] and arguments" designed to

"amplify [a party's] position with additional points . . . not specifically raised at trial" come too late.  Id. (as "agreeing that 'post-trial motions regarding admission of evidence generally are not timely, especially after the jury has reached a verdict and been excused'" (quoting Jones v. Commonwealth, 50 Va. App. 437, 445, 650 S.E.2d 859, 863 (2007))).  Compare Boblett v. Commonwealth, 10 Va. App. 640, 650-51, 396 S.E.2d 131, 136-37 (1990) (holding that where the defendant, who was tried by a jury, objected for the first time in a post-trial motion to set aside the verdict, this was insufficient to preserve the defendant's objection to the limitations the trial court placed on a witness' testimony), with Lash v. Cnty. of Henrico, 14 Va. App. 926, 929, 421 S.E.2d 851, 853 (1992) (en banc) (holding that, as long as a litigant adequately preserves an *issue* in the trial court, Rule 5A:18 does not prevent the appellate court "from relying on . . . *authority* that was not presented to the trial court or referred to in [the parties'] briefs" (emphasis added)).

### 1.  Preservation of Objection Regarding the Recency of the Complaint

Here, appellant objected to Phipps' trial testimony only twice, first when Phipps said M.D. told her "she was just praying to God to take the pain away from her" and second when M.D. said "she was afraid that she would be raped."  Appellant objected on the general ground that the fear and prayer statements were "hearsay," and the trial court, at trial, overruled those objections without elaborating.  Appellant did not contend at trial that the Commonwealth failed to prove the complaint was made "recently" after the commission of the offense.  By failing to do so, appellant deprived the trial court and the Commonwealth of the opportunity to address that objection at trial and to remedy it, if necessary, without the need for a retrial.  E.g., Correll, 42 Va. App. at 324, 591 S.E.2d at 719.

## 2. Preservation of Objection Regarding the Details Statements

Appellant also did not contend at trial that the details statements M.D. made to Phipps, in particular those regarding appellant's "lick[ing] [her] private" and "suck[ing] [her] boobs," should not have been admitted. Appellant's nonspecific objections to "hearsay" preceded Phipps' testimony about the details statements. Appellant did not lodge a continuing objection and made no additional contemporaneous objections to the testimony about the details statements or any other aspects of Phipps' testimony. Once again, by failing to do so, appellant deprived the trial court and the Commonwealth of the opportunity to address such objections at trial and to remedy them, if necessary, without the need for a retrial. E.g., Correll, 42 Va. App. at 324, 591 S.E.2d at 719. Appellant's vague statement in his motion to set aside—concerning Phipps' "ask[ing] [M.D.] specific questions . . . and the complaining witness['] answering"—was both too late and insufficiently specific to preserve this aspect of his claim of error for appeal.

## 3. Exceptions to Rule 5A:18

Appellant does not assert the good cause or ends of justice exception to Rule 5A:18 applies to any of these issues, and "we will not invoke one *sua sponte*." Arrington v. Commonwealth, 53 Va. App. 635, 642 n.7, 674 S.E.2d 554, 557 n.7 (2009); see Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc) (holding the Court is not permitted to invoke the ends of justice exception *sua sponte*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004).

B. MERITS: ADMISSIBILITY OF THE FEAR AND PRAYER STATEMENTS[3]

In challenging the admission of the fear and prayer statements on appeal, appellant contends they did not qualify under the recent complaint exception of Code § 19.2-268.2. He argues further that the Commonwealth may not rely on any other hearsay exception, such as the excited utterance or prior consistent statement exception, to justify the trial court's admission of the statement. We hold that the trial court's admission of the fear and prayer statements, if error, was harmless.[4]

In Virginia, non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. "'If, when all is said and done, [it is clear] that the error did not influence the [fact finder], or had but slight effect, . . . the judgment should stand . . . .'" Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65, 66 S. Ct. 1239, 1248, 90 L. Ed. 1557, 1566 (1946)); see also Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (discussing harmless error analysis prior to Supreme Court's adoption of Kotteakos test in Clay).

---

[3] The Commonwealth contends appellant defaulted his argument as to the prayer statement because although he objected to it at trial, he failed to include in his petition for appeal the argument that the statement was one not contemplated under the recent complaint exception of Code § 19.2-268.2. We disagree. Appellant's petition for appeal assigned error to the admission of Phipps' testimony about M.D.'s hearsay statements and noted he objected twice during that testimony. We granted an appeal on the assignment of error, not on the argument accompanying it. The assignment of error averred the trial court abused its discretion in admitting the hearsay testimony given by Phipps, which, for purposes of Rule 5A:12(c), was broad enough to encompass all hearsay testimony Phipps gave.

[4] We assume without deciding that error occurred.

"'[H]armless error analysis . . . [is not] simply a sufficiency of the evidence analysis.'"[5] Williams v. Commonwealth, 32 Va. App. 395, 400, 528 S.E.2d 166, 169 (2000) (en banc) (quoting Hooker v. Commonwealth, 14 Va. App. 454, 457-58, 418 S.E.2d 343, 345 (1992)).  We may uphold a decision on the ground that any error involved is harmless only if we can conclude, without usurping the trial court's fact-finding function, "'that the error did not influence the [fact finder], or had but slight effect.'"  Clay, 262 Va. at 260, 546 S.E.2d at 731 (quoting Kotteakos, 328 U.S. at 764, 66 S. Ct. at 1248, 90 L. Ed. at 1566); see Lavinder, 12 Va. App. at 1006, 407 S.E.2d at 911 (noting a court may not declare an error harmless if doing so requires "usurping the [fact finder's] function").

It is well settled under this test that the erroneous admission of evidence may be harmless if evidence of guilt is so "overwhelming" and the error so insignificant by comparison that we can conclude the error "failed to have any 'substantial influence' on the verdict."  United States v. Lane, 474 U.S. 438, 450, 106 S. Ct. 725, 732, 88 L. Ed. 2d 814, 826 (1986) (quoting Kotteakos, 328 U.S. at 765, 66 S. Ct. at 1248, 90 L. Ed. at 1567); see also Rose v. Commonwealth, 270 Va. 3, 12, 613 S.E.2d 454, 459 (2005).  The erroneous admission of evidence also is harmless if the evidence admitted in error is merely "cumulative" of other, undisputed evidence.  Brecht v. Abrahamson, 507 U.S. 619, 639, 113 S. Ct. 1710, 1722, 123 L. Ed. 2d 353, 373-74 (1993).

Although appellant objected when Phipps testified about M.D.'s fear and prayer statements, Burley also testified about M.D.'s statements.  Appellant posed no hearsay, recent complaint, or any other objection to Burley's testimony.  Burley said that after M.D. told her "about the abuse," M.D. "said that she was afraid at night; that she wasn't able to sleep; and that

---

[5] We note the sufficiency of the evidence to support appellant's convictions is not before us in this appeal.  Appellant's assignment of error challenging the sufficiency was denied at the petition stage.

she hadn't eaten in three days. And she just wanted to be safe and that she'd been praying to be safe. And she wanted it to stop. She didn't want it to happen anymore." Phipps' testimony that M.D. said she "wasn't eating," "had a very deep pain in her inside," and "was just praying to God to take the pain away from her" was merely cumulative of Burley's similar testimony about M.D.'s prayer statement to her.

Similarly, assuming without deciding that admission of Phipps' testimony about M.D.'s fear statement was error, that error also was harmless. Even if it had some effect on the jury, we are able to conclude without usurping the jury's fact-finding function that the effect was "'but slight.'" Clay, 262 Va. at 260, 546 S.E.2d at 731 (quoting Kotteakos, 328 U.S. at 764, 66 S. Ct. at 1248, 90 L. Ed. at 1566). M.D. gave detailed testimony about numerous incidents of appellant's sexually abusing her. Further, the trial court admitted, without contemporaneous objection, Phipps' testimony that M.D. reported appellant had "talk[ed] to [her] about sex and stuff," "lick[ed] [her] private," and "suck[ed] [her] boobs," but "[had] not put his private up [hers]." Burley corroborated M.D.'s report of abuse, albeit in more general terms. Both Phipps and Burley, who were not shown to have any motive to testify falsely, confirmed M.D. was visibly distraught, crying and unable to eat both before and while she made this report, and that when she finished telling them about the abuse, she appeared visibly relieved and indicated a return of her appetite. This evidence corroborated M.D.'s report that appellant sexually abused her. Further, Detective Simpson testified about a recorded interview with appellant during which appellant admitted touching M.D.'s breasts, provided a very odd explanation regarding how M.D. could have thought he put his mouth on her vagina, and conceded M.D. "probably" had seen his exposed penis. Although appellant claimed at trial that these incidents were accidental rather than intentionally lascivious, he was unable at trial to fully explain their inculpatory nature. Finally, Detective Simpson testified clearly that appellant was "never accused . . . of

actually committing a rape." Thus, the record permits us to conclude, without usurping the jury's fact finding function, that the impact on the jury of any error in admitting M.D.'s hearsay statement that she was afraid appellant might rape her was "but slight." Therefore, we conclude any error in admitting Phipps' testimony about M.D.'s expression of fear was harmless.

## III.

For these reasons, we hold appellant has failed to demonstrate any reversible error, and we affirm the challenged convictions.

<u>Affirmed.</u>