# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 4th day of August, 2022.*

Present: Goodwyn, C.J., Powell, Kelsey, McCullough and Chafin, JJ., Koontz and Millette, S.JJ.

Commonwealth of Virginia,                                                                                    Appellant,

  against        Record No. 210530
                   Court of Appeals No. 2043-19-3

Stephen J. Kilpatrick,                                                                                    Appellee.

                                         Upon an appeal from a judgment rendered by the Court of Appeals of Virginia.

Upon consideration of the record, briefs, and argument of counsel, the Court is of the opinion that there is reversible error in the judgment of the Court of Appeals.

In November of 2017, Investigator Jake Wade ("Investigator Wade") from the Southern Virginia Internet Crimes Against Children Task Force of the Bedford County Sheriff's Office set up a fake profile on Craigslist.org as a thirteen-year-old-girl, "Jenny Block" ("Jenny"). As "Jenny," Investigator Wade posted in the "hook-up area" designated for casual encounters and described herself as a student who was looking for "any suggestions" as to "what there was to do" around the city. Stephen J. Kilpatrick ("Kilpatrick") responded to "Jenny's" post in an overtly sexual manner. Among other things, Kilpatrick asked "Jenny" to "pull up [her] shirt" and watch him masturbate. Kilpatrick engaged in similar sexually explicit conversations with "Jenny" between November of 2017 to June of 2018. After approximately a month of speaking, "Jenny" indicated her age, telling Kilpatrick that she was a thirteen-year-old. Three-weeks later, the two moved their communication from Craigslist to personal e-mail and text messaging. After communicating with "Jenny" for several months, Kilpatrick was arrested as part of a takedown operation. He was indicted for multiple counts of computer solicitation of a minor in violation of Code § 18.2-374.3(C), which reads, in pertinent part:

> It is unlawful for any person 18 years of age or older to use a communications system . . . for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child younger than 15 years of age to knowingly and intentionally:

1. Expose his sexual or genital parts to any child to whom he is not legally married or propose that any such child expose his sexual or genital parts to such person;

2. Propose that any such child feel or fondle his own sexual or genital parts or the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child;

3. Propose to such child the performance of an act of sexual intercourse, anal intercourse, cunnilingus, fellatio, or anilingus or any act constituting an offense under § 18.2-361; or

4. Entice, allure, persuade, or invite any such child to enter any vehicle, room, house, or other place, for any purposes set forth in the preceding subdivisions.

At trial, Kilpatrick argued that he had no intent to solicit a minor and that he at no point believed "Jenny" was a minor. He also pursued an entrapment defense. According to Kilpatrick, he believed that he and "Jenny" were taking part in a role-playing "fantasy." In support of his defense, Kilpatrick sought to introduce expert testimony from Dr. Maurice Fisher ("Dr. Fisher"). The Commonwealth objected to Dr. Fisher's testimony. The trial court sustained the objection, ruling that his testimony would violate the "ultimate issue" rule. Kilpatrick was ultimately convicted of three counts of computer solicitation of a minor, first offense, and two counts of computer solicitation of a minor, second offense. For those convictions, he was sentenced to 35 years' incarceration with no time suspended.

In his appeal to the Court of Appeals, Kilpatrick argued that Dr. Fisher's testimony was admissible for two purposes: 1) to show support for his claim that he did not believe that "Jenny" was a minor and 2) to show that he lacked the "motive" to solicit a minor. In a split decision, the Court of Appeals reversed Kilpatrick's conviction. *Kilpatrick v. Commonwealth*, 73 Va. App. 172 (2021). The majority opinion reasoned that Dr. Fisher's expert testimony, while relevant to the ultimate issue of Kilpatrick's mental state at the time of the alleged offense, did not express an opinion on that issue and would not have invaded the province of the jury. *Id.* at 190. The dissenting opinion expressed the view that any presumed error in excluding Dr. Fisher's testimony was harmless. *Id.* at 202.

On appeal to this Court, the Commonwealth argues that the Court of Appeals erred in concluding that Dr. Fisher's expert testimony should not have been excluded. Alternatively, the Commonwealth contends that excluding such evidence was harmless error.[1]

In analyzing the decision of a lower court, this Court has explained that it looks for "'the best and narrowest grounds available'" for its decision, including harmless error. *Commonwealth v. White*, 293 Va. 411, 419 (2017) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)). Indeed, under Code § 8.01-678, a harmless error review is required in all cases, unless otherwise provided by another statute. *Id.* at 420. A review of the present case establishes that the trial court's decision to exclude Dr. Fisher's testimony, if error, was harmless as a matter of law.

In this case the appellant has waived any argument that the claimed error in excluding Dr. Fisher's testimony violated his due process rights or any other constitutional principle. Thus, "[the] Court may uphold a decision on the ground that any evidentiary error involved is harmless if it can conclude 'that the error did not influence the jury[] or had but slight effect.'" *Clay v. Commonwealth*, 262 Va. 253, 260 (2001).

> An appellate court reviews a decision to admit or exclude evidence where no federal constitutional issue was raised under the standard for non-constitutional harmless error provided in Code § 8.01-678. . . . Under that standard, the court "determine[s] whether there has been a fair trial on the merits and whether substantial justice has been reached [by] decid[ing] whether the alleged error substantially influenced the jury. If it did not, the error is harmless." In making the relevant determinations, the court "consider[s] the potential effect of the excluded evidence in light of all the evidence that was presented to the jury."

*Haas v. Commonwealth*, 299 Va. 465, 467 (2021) (quoting *Commonwealth v. Proffitt*, 292 Va. 626, 642 (2016) and citing *Clay*, 262 Va. at 259). To reach this conclusion, the evidence of guilt must be so overwhelming that it renders the error insignificant by comparison such that the error could not have affected the verdict. *See id.* at 469.

---

[1] On July 1, 2021, the General Assembly enacted Code § 19.2-271.6, which addresses the introduction of evidence of a criminal defendant's mental condition at the time of the alleged offense as it relates to intent to commit the relevant crime. However, due to the date of its enactment, this statute has no applicability to this case.

Here, Kilpatrick sought to offer Dr. Fisher's testimony to support his claim that he did not believe "Jenny" was a minor and that he lacked motive to solicit a minor. However, as the dissent to the Court of Appeals opinion explains, the other evidence against Kilpatrick on both of these points was so overwhelming that any error in excluding the testimony was insignificant by comparison. *Kilpatrick*, 73 Va. App. at 203-05. Specifically, the evidence proved that Investigator Wade consistently represented that "Jenny" was thirteen. In fact, "Jenny" told Kilpatrick that she was "only thirteen," would be "fourteen next year," and that girls "a year older" would be "around fourteen." Tellingly, Kilpatrick responded that "Jenny" had a "pretty thirteen-year-old body with growing curves" and that she was "no ordinary eighth grader."

It is true that Kilpatrick claimed that he believed "Jenny" was at least twenty and the two were merely role-playing and fantasizing about her being a younger schoolgirl. However, his claim was undermined by the fact that Kilpatrick urged "Jenny" to delete their "text trail" weekly "so [that] no one would get too suspicious by seeing lots of stuff or our ages." Moreover, the Court notes that, prior to "Jenny" informing Kilpatrick of her age, he repeatedly asked her questions that would ordinarily not be posed to a twenty-year-old, such as 1) "what high school do you go to?"; 2) "do you have your own room?"; and, 3) "what did she do in her bedroom when no one is looking?"

It is further worth noting that, when the police initially questioned Kilpatrick about how old he believed "Jenny" was, he responded that she was fourteen. He also wrote an apology letter to "Jenny's parents" expressing his "remorse for inappropriate texting with [their] daughter." Such evidence clearly belies Kilpatrick's assertion and supports the Commonwealth's position that Kilpatrick clearly believed that "Jenny" was a minor.

Similarly, the evidence fully supported the fact that Kilpatrick had the motive to solicit a minor. After "Jenny" revealed her age to Kilpatrick the sexual nature of the emails escalated, he e-mailed her with questions about her vagina. Specifically, he asked her, "[d]o you have lots of hair down there or hasn't it come in too much yet, do you shave down there." He also showed interest in whether she "[got her] period too much yet." He expressed his excitement about her being thirteen now and how much more excited he would be when she turned sixteen. He appreciated "Jenny's" knowledge on "how to flirt . . . really well in a sexy way," and that she was "so curious about sexual things" and "interested in maybe trying some stuff." Indeed, after he had told her that she was "no ordinary eighth grader," he expressed how he was "[s]till

4

thinking about licking [her] tits."[2]

Taken as a whole, the Court finds that the evidence of Kilpatrick's prurient interest in "Jenny" was overwhelming and, therefore, Dr. Fisher's testimony on motive would not have influenced the jury or would have had but slight effect. Thus, the dissent to the Court of Appeals decision was correct, as any presumed error in excluding Dr. Fisher's expert testimony was harmless. Accordingly, the decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and the Circuit Court of Bedford County.

SENIOR JUSTICE MILLETTE, with whom CHIEF JUSTICE GOODWYN and SENIOR JUSTICE KOONTZ, join, dissenting.

I agree with the majority of this Court and the Court of Appeals that Dr. Fisher's proffered testimony, that Kilpatrick did not meet the diagnostic criteria of a pedophile, did not go to the ultimate issue at trial and therefore should not have been excluded by the trial court. However, because, like the Court of Appeals, I find the trial court's exclusion of Dr. Fisher's testimony was not harmless error, I respectfully dissent. I would affirm the Court of Appeals.

The burden is on the Commonwealth to prove that the trial court's error was harmless. *Angel v. Commonwealth*, 281 Va. 248, 265 (2011). In determining if a trial court's non-constitutional error in excluding evidence was harmless under Code § 8.01-678, this Court does not ask whether the admitted evidence was sufficient to sustain the defendant's conviction, or whether any rational factfinder could have found the defendant guilty beyond a reasonable doubt. *Blackwell v. Commonwealth*, 73 Va. App. 30, 52 (2021). To do so would conflate a sufficiency of the evidence analysis with a harmless error analysis. *Hooker v. Commonwealth*, 14 Va. App. 454, 458 (1992). Instead, this Court, in conducting a non-constitutional harmless error analysis,

---

[2] The Court notes that, in his appeal to the Court of Appeals, Kilpatrick did not argue that Dr. Fisher's expert testimony was relevant to his entrapment defense. Therefore, it appears that he has waived any argument related to this defense. To the extent that Kilpatrick's argument that Dr. Fisher's testimony about his lack of a motive to solicit a minor can be interpreted to also apply to his predisposition to solicit a minor – a consideration relevant to his entrapment defense – the result would not change because the same harmless error analysis would apply with equal force to both issues.

5

examines whether any rational factfinder would have found the defendant guilty beyond a reasonable doubt had the error not occurred. *Blackwell*, 73 Va. App. at 52. If the excluded evidence went to an issue genuinely in dispute, its omission "may well have affected the jury's decision[,]" and therefore cannot be said to be harmless error. *Cartera v. Commonwealth*, 219 Va. 516, 519 (1978).

In the instant case, the Commonwealth had to prove that Kilpatrick believed or had reason to believe that Jenny was a minor for the jury to find him guilty beyond a reasonable doubt of computer solicitation of a minor. Code § 18.2-374.3. Whether Kilpatrick believed or had reason to believe Jenny was a minor was genuinely in dispute based on the evidence at trial. Although there was substantial evidence weighing in favor of finding that Kilpatrick knew or had reason to know that Jenny was a minor, there was also evidence weighing against making such a finding. Jenny told Kilpatrick that she occasionally drove by Liberty University. She referenced a rifle and going hunting in a conversation with Kilpatrick. She also told Kilpatrick that she was looking for a job. Additionally, Kilpatrick told Investigator Wade that Jenny "seem[ed] a lot older than thirteen" and that there was "no way" a thirteen-year-old would speak the way Jenny did in her messages to him. At trial, he testified that she did not look like a thirteen-year-old in her online photo. Kilpatrick testified that he inferred from her messages about driving, looking for a job, hunting, and her photo that Jenny was an adult who sometimes roleplayed as a child and that he played along with the fantasy.

Dr. Fisher's testimony would have provided information that could have aided the jury's determination as to whether Kilpatrick believed Jenny to be a minor and was motivated to seek out minors. Had Dr. Fisher been permitted to testify that Kilpatrick was not predisposed to solicit a minor, the jury may have inferred that Kilpatrick did not believe Jenny was a minor but instead thought Jenny was an adult roleplaying as a child in a sexual fantasy, finding his testimony to be credible. *See Logan v. Commonwealth*, 279 Va. 288, 292 (2010) ("The credibility of witnesses and the weight accorded to evidence are matters solely for the fact-finder."). Furthermore, as the Court of Appeals noted, although Dr. Fisher's testimony did not express an opinion on the ultimate issue and would not have invaded the province of the jury, his testimony was nevertheless relevant to the ultimate issue of Kilpatrick's mental state at the time of the alleged offense. Accordingly, whether Kilpatrick knew or had reason to believe that Jenny

was a minor was genuinely in dispute, and the jury's decision on the matter could have been impacted by Dr. Fisher's testimony.

Because the record fails to demonstrate that any rational factfinder would have found Kilpatrick guilty beyond a reasonable doubt had Dr. Fisher been permitted to testify, it cannot be said that the trial court's exclusion of Dr. Fisher's testimony was harmless. *See Lawrence v. Commonwealth*, 279 Va. 490, 497 (2010) ("This Court has held that nonconstitutional error is harmless if the reviewing court can be sure that the error did not influence the jury and only had a slight effect."). I would affirm the Court of Appeals. Therefore, I respectfully dissent.

A Copy,

Teste:

Clerk

7